# Moses Hirsch

*v.*

# Benjamin O. Feeney.

1. Malicious prosecution—*probable cause and malice are facts for the jury.* In an action for malicious prosecution, the questions of probable cause and malice are ones of fact for the jury, under all the evidence and circumstances shown, and the court has no power to take them from the jury.

2. Same—*question of probable cause does not depend upon part, but all the evidence.* An instruction in a suit for malicious prosecution, reciting portions of the evidence, and telling the jury that if they believe them, they constitute probable cause, and to find for the defendant, is properly refused, where there are other facts shown of important bearing on the question.

3. Same—*duty of inquiry before arresting person on suspicion.* To justify the arrest of a person on a bare suspicion of burglary, from the fact of his having come into the store the evening before the burglary and paid a small bill, and whose character is good, the party causing the arrest should use reasonable efforts to learn and know his true character, and if he does not, this may be considered on the trial of an action for malicious prosecution growing out of the arrest.

4. Same—*evidence in mitigation of damages.* In a suit for malicious prosecution, the advice given the defendant by police officers may be proved as showing the circumstances under which the prosecution was instituted, and to mitigate damages, but not as a defense.

5. Same—*instruction as to refusal to publish article exonerating accused.* In an action for malicious prosecution, the court refused an instruction that if the defendant consulted an attorney as to the propriety of his publishing an article exonerating the plaintiff of the charge, which he had requested, and promised, if done, to end the matter, and the attorney advised the defendant not to publish it, that there was no malice in declining to sign and publish the article: *Held*, that the instruction was properly refused.

6. Same—*whether damages are excessive.* Where a party who had always borne a good character, and was employed and entrusted by a wholesale firm with their goods and the key of their establishment, was arrested on a charge

of burglary, under circumstances not sufficient to raise a shadow of suspicion, and imprisoned, his house searched, and the prosecutor refused to make reparation by publishing an article exonerating him from the charge, it was *held*, that a verdict of $1200 damages, in an action for the malicious prosecution, was not excessive.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

This was an action on the case, by the appellee against the appellant, to recover damages for a malicious prosecution.

Mr. GEO. C. CHRISTIAN, for the appellant.

Messrs. E. & A. VAN BUREN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is objected that the finding of the jury and the judgment of the court were wrong, because there was probable cause for the arrest, and there was a want of malice. These were facts for the finding of the jury, under proper instructions; and we think the instructions presented the legal questions arising on the evidence fairly to the jury. In fact, no exceptions are taken to those given, but it is urged that the court erred in refusing to give instructions asked for appellant. We fail to see any error in refusing them. The court had no power to take the question of probable cause or of malice from the consideration of the jury.

The first of these refused instructions recites certain portions of the evidence, and says, if the jury believed it to be true, that they established probable cause, and they should find for the defendant. Concede these facts to be true, the court can not say, as a matter of law, that they constitute probable cause. There were other facts in the case that were important in their bearing on the question, not enumerated. The whole of the evidence, with the attending circumstances, should be considered in determining whether there was probable cause. The jury were bound to consider the fact that the manner in which appellee had entered appellant's store the evening be-

fore the burglary was committed, did not attract appellant's attention, even so that he remembered his having been in the store when asked the next day if any one had been in, and he had forgotten it. His entrance, therefore, excited no suspicion, nor did it even attract attention at the time.

Again, appellee seems to have sustained a good character, and in determining whether his character was good or bad, he should have applied to his employers, or those with whom he was intimate, and not to persons who knew him but slightly. He and the officers, it seems, referred to the city directory to find his residence, and we presume they there found his occupation, and with whom he was employed, and if so, he should have been apprised of the fact that he was respectable, and was trusted by business men, and knowing that, he had no right to believe, because appellee had entered his store the evening before, in such a manner as to attract no attention, that he was therefore a burglar, notwithstanding he was employed and trusted by men engaged in business in the city. The officers were, no doubt, largely influenced in forming their opinion and in giving advice, by what appellant had told them. The fact that appellee was a householder, had a good character, and was trusted by business men, should have prevented appellant from supposing him guilty, except on strong evidence of the fact. It was appellant's duty to have used reasonable efforts to learn and know appellee's true character, especially when the directory pointed him to the sources of information.

From appellant's own testimony, when on the stand, appellee did not enter the store from under the shed, but through the door, in the usual mode.

The evidence as to the advice which the officers gave appellant, was properly admitted to show the circumstances under which the prosecution was instituted and to mitigate damages, but not as a defense, as would be the advice of a respectable attorney, fairly and honestly obtained. The law has never regarded the advice of detectives as being a justification for instituting mistaken criminal proceedings. It, on the contrary, is believed, that such persons, from the very nature of

their business, become more suspicious than ordinary persons. This instruction was properly refused.

The second of appellant's refused instructions sought to inform the jury, that if he consulted an attorney as to the propriety of his publishing the article exonerating appellee from the charge he had made against him, and which he required he should, and proposed if appellant would do so that it would end the matter, and the attorney advised him not to publish it, there was no malice in declining to sign and publish the article. Whether that, with all of the circumstances proven, showed malice or a want of it, was for the jury, and not the court. The law does not give to such advice the effect claimed by the instruction. The jury, no doubt, gave that circumstance due weight in their deliberations. They probably considered, and we suppose counsel urged upon their attention, that this consultation was to avoid further difficulty, and that the advice was given with a view to avoid furnishing further evidence against appellant, or whether it was done in a malicious and revengeful spirit. Had this instruction been given, it would have taken this evidence from the consideration of the jury, which would not have been proper.

It is urged that the evidence does show probable cause for having appellee arrested. After a careful examination of all of it, we fail to see that it even raises the least suspicion. It surely can not be maintained that because a person goes into a store and pays a trifling debt the evening before a burglary is committed, the owner of the store in which the burglary was committed can be justified, from that fact, in concluding such person was the burglar, nor can he justify himself by saying that he was pursuaded or advised that such fact constituted probable cause for his arrest. When stripped of all extraneous matter, this is the only fact upon which the charge was based, but appellant says several persons said to him, "they did not think much of Feeney."

All of this is worthless as ground for a belief that appellee was guilty of the burglary. The charge was baseless, and none but the most suspicious could have had a shadow of a

suspicion that he was guilty. Appellant had known appellee for some two or three years. He was a customer of appellant, and he swears he had previously worked for appellant. With all of this knowledge of appellee's character, can it be possible to believe any reasonable man could have honestly and truly believed appellee was guilty? It seems to us that it is impossible. Appellant has shown himself to have been reckless in making statements in his affidavit for a continuance, and when on the stand, swearing they were not true, although he swore the affidavit was read to him, and he understood the statements it contained at the time. A man thus reckless, may be well supposed to have but little regard for the rights, the liberty or character of any person, and especially a person he might not like. We fail to see that there was any ground for believing there was probable cause; and the arrest was wanton and reckless.

There was, then, evidence of malice. There was an entire want of probable cause. Appellant did not go to the employers of appellee, or to his immediate neighbors, to make inquiries as to his character. He could have executed his search warrant before making the arrest, and had he not been actuated by malice, he, it seems, as a reasonable man, would have endeavored to repair the injury he had done to appellee's character, by stating in the same papers in which the arrest had been noticed that there was no ground for the arrest, as he was requested. But all of this he failed to do, and the facts fully warranted the jury in concluding that there was malice, that had been engendered in their past intercourse.

It is urged that the damages are excessive. After the *remittitur* the judgment stands for $1200. We can not say the damages are excessive. Appellee had lived in the city for seventeen or eighteen years, and had, so far as this record discloses, always sustained a good character. He was employed and fully trusted by a wholesale firm with their goods, and the key of their establishment, and it was highly calculated to destroy his character to have a wanton and malicious prosecution and arrest and imprisonment, and his house searched on a charge of

the infamous crime of burglary. No greater wrong could be inflicted on an honest man; and the offense was aggravated by the refusal to make reparation by simply making a publication that would, to some extent, restore his character amongst the people of the city.

We are wholly unable to see that the judgment is too large. If, as is urged, it will be inconvenient for appellant to pay the amount, he must remember it was his own reckless conduct that has produced the result. He has no right to inflict such an injury on another, and avoid making fair and reasonable reparation for the grievous wrong.

We are unable to perceive any error in this record, and the judgment must be affirmed.

*Judgment affirmed.*