No. 5774.

## W. W. GLASGOW *v.* S. E. OWEN.

1. MALICIOUS PROSECUTION—CHARGE OF COURT.—In a suit to recover damages for malicious prosecution, it is error to so frame a charge as to practically withdraw from the consideration of the jury a fact in evidence which they might legally consider in determining the existence of probable cause for the prosecution. See opinion for such a charge.

2. ADVICE OF COUNSEL.—In a suit for malicious prosecution, the fact that the prosecutor acted, after a full statement of all the facts, on the advice of counsel that an offense had been committed, though admissible in evidence for the defendant, is not conclusive of the question of malice. Whether there was malice and the want of probable cause, must be determined by the jury, from a consideration of all the facts.

3. MALICIOUS PROSECUTION.—In a suit for malicious prosecution, it must be shown, in order to recover: 1, that there was a prosecution; 2, that it was malicious and without probable cause; and 3, that it is at an end.

APPEAL from McLennan. Tried below before the Hon. B. W. Rimes.

This suit was brought by Owen against Glasgow to recover damages for an alleged malicious prosecution begun by Glasgow against plaintiff, in which he was alleged to have been maliciously and without probable cause charged with cutting and breaking down Glasgow's fence, in McLennan county—verdict and judgment for plaintiff for two hundred dollars. Owen, it seems, was overseer of a road for Hill county, which was ordered to be opened into McLennan county near the line and through Glasgow's pasture. In opening the road, Owen cut, or caused to be cut, Glasgow's fence within the limits of McLennan county. Glasgow had obtained an injunction to restrain the cutting on the eleventh of September, 1884; the fence was cut on the twelfth, but the injunction was not then served. It was in evidence that an attorney had advised Glasgow that Owen had violated the law and could be prosecuted.

The court instructed the jury that if they believed from the evidence "that plaintiff was duly appointed and commissioned overseer of the road in question, and was proceeding in good faith to open the said road along the line designated to him by the order of said court, and cut said fence under a claim of right, and the honest belief that the same obstructed the opening of said road, then the fact, if it be a fact, that said fence when cut was located in McLennan county would not relieve defendant of liability for damages, provided the proof shows satisfactorily to the jury that he acted maliciously and without probable cause in causing plaintiff to be prosecuted therefor." This charge is assigned as error.

The court in the charge defined probable cause as follows: "By probable cause is meant the existence of such facts and circumstances as would excite belief in a reasonable mind, act-

.ing on the facts within the knowledge of the prosecutor that the person charged was guilty of the offense for which he was prosecuted." The charge defined malice as follows: "Any unlawful act· done willfully and purposely to the injury of another, is as against that person malicious; this wrong motive, when it is shown to exist, coupled with a wrongful act, wilfully done to the injury of another, constitutes legal malice."

And upon the subject of consulting counsel the court instructed the jury that if, before Glasgow made said affidavit against plaintiff and caused the prosecution to be instituted against him, he said Glasgow submitted a full, fair and correct statement to an attorney of all the facts and circumstances connected with the cutting of said fence, and said attorney upon a consideration of all the facts advised said Glasgow that they were sufficient to authorize said prosecution, is entitled to consideration by the jury in determining whether said Glasgow was prompted by malicious motives in causing said prosecution against plaintiff to be set on foot and if you believe that defendant sought the advice of counsel in regard to said prosecution before it was begun and after a full and correct statement of all the facts connected therewith; to said attorney, the said attorney advised him, that plaintiff had been guilty of the offense charged and that acting upon such advice (if any), the defendant in good faith caused said prosecution against plaintiff, honestly believing that plaintiff had committed an offense against the penal laws of the State, then the jury may take that fact into consideration in determining the issue of malice.

The defendant asked the court to instruct the jury, that to justify a finding for plaintiff, they must find that he was prosecuted as alleged and that the prosecution was at an end, which was refused by the court and the ruling assigned as error.

The record does not show that there was any evidence upon the subject.

*C. B. Pearre*, and *Rector, Moore & Thomson*, for appellant: That the court erred in its definition of malice, they cited definition of Malice, section 429, 1 Bishop on Criminal Law, sixth edition; Griffin v. Chubb, 7 Texas, 603.

That the court specially erred in its charge to the jury on probable cause, they cited Joseph Landa v. Jacob Obert, 45 Texas, 540 ; 4 Wait's Actions and Defenses, 342, 343.

That the court erred in refusing the charge asked by the de-

Opinion of the court.

fendant, they cited Griffin v. Chubb, 7 Texas, 603; McManus v. Wallis, 52 Texas, 535; Usher v. Skidmore, 28 Texas, 617; 4 Wait's Actions and Defenses, section 6, 347, 355; 24 Howard, 544; 7 Central Law Journal, 337.

That the court erred in its charge upon the evidence as to the defendant's consulting counsel, they cited 62 Texas, 401; 2 Greenleaf on Evidence, sections 452 and 459; 62 Illinois, 107; 108 United States, 187; 4 Wait's Actions and Defenses, 354.

*A. P. McKinnon* and *D. C. Bollinger*, for appellee, cited Ramsey v. Arrott, 64 Texas, 322; Townsend on Slander and Libel, page 716, note authorities cited; Hilliard on Torts, page 451, section 18; Field on Damages, page 547, section 690; 3 Sutherland on Damages, page 707; Brooke v. Clark, 57 Texas, 113; March v. Walker, 48 Texas, 375; Gulf, Colorado & Santa Fe Railway Company v. Greenlee, 62 Texas, 351; 4 Wait's Actions and Defenses, section 4, page 343.

COLLARD, JUDGE. The first assignment of error is in relation to the charge of the court in which the jury are told, in effect, that if Owen was acting in obedience to an order of the commissioners court of Hill county in opening the road in good faith, and crossed over into McLennan county and cut Glasgow's fences, the latter would still be liable in damages for prosecuting Owen for the trespass, if he did so upon malice without probable cause. We do not believe this charge is free from error. The jury should have been left to consider the fact of Owen crossing over into McLennan county, in determining whether there was probable cause for the prosecution. The charge indicates that the probable cause must be found from other facts. The very fact relied on by Glasgow to justify the prosecution—cutting the fence in McLennan county, showing probable cause and the want of malice—is by the charge made useless for that purpose; at least the jury might have so understood the charge. We think it was an incorrect instruction and should not have been given.

The definitions given by the court, of malice and probable cause are correct. They are in almost the exact language of the definitions given and approved in the case of Ramsey v. Arrott, 64 Texas, 322, and approved by the highest authority.

In relation to the advice of counsel, the charge of the court was a correct exposition of the law. The advice of an attorney

that an offense has been committed, upon a full and fair state-
ment of all the facts, will not justify a prosecution; it is not a
complete defense; it is a fact to be considered by the jury, and
they may still find malice and want of probable cause, notwith-
standing such advice.    The charge asked by defendant upon
this subject can not be maintained.    Advice of counsel, when
fully informed, will not absolutely repel the presumption of
malice, and the jury should not be so instructed.    Malice and
the want of probable cause are questions of fact to be found by
the jury from all the facts and circumstances, taken in connec-
tion with such advice.    (Jacobs, Bernheim & Co. v. Crum, 62
Texas, 411; Ramsey v. Arrott, 64 Texas, 322.)

The defendant asked the court to instruct the jury that plain-
tiff could not recover unless the evidence showed that the pros-
ecution was at an end.    The refusal of this charge was assigned·
as error.    The cause of action is not complete until the prosecu-
tion has ended.    It could not be known whether there was any
injury or not until there was an acquittal of the charge, nor
what the extent of the injury might be.    The suit can not be
maintained at all if there is a final conviction.    To maintain the
action, it must be shown that there was a prosecution; that it
was malicious; that it was without probable cause, and that
the prosecution is at an end.    (McManus v. Wallis, 52 Texas,
535; Usher v. Skidmore, 28 Texas, 617; 2 Greenleaf's Evidence,
section 452.)

There is no evidence in the record showing that the prosecu-
tion had terminated.    The court should have. given the instruc-
.tion asked by defendant upon this subject.    The judgment of
the court should be reversed and the cause remanded for a new
trial.

*Reversed and remanded.*

Opinion adopted November 22, 1887.