Thomson, J.,
delivered the opinion of the court.
Action for malicious prosecution. The plaintiff had judgment, and the defendant appealed.
*191 The complaint was that on the 7th day of April, 1893, the defendant falsely, maliciously, unlawfully, wrongfully, and without reasonable or probable cause, commenced a criminal prosecution against the plaintiff before a justice of the peace, charging him with having committed the offense of procuring The R. G. Dun & Co. Mercantile Agency to falsely report to the defendant that the plaintiff owned certain land at Sterling, Colorado, and thereby falsely getting into his possession goods and chattels of the defendant, of the value of $379. It was further alleged that by means of the charge so made, the defendant procured the arrest and imprisonment of the plaintiff, and that upon a hearing before the justice he was discharged, and the prosecution against him was ended.
The assignment of errors brings in question the sufficiency of the complaint, one of the instructions to the jury, the consistency of the verdict with the instructions, and the sufficiency of the evidence to support the verdict.
The objection urged to the complaint is that it states no facts from which want of probable cause can be deduced, that the allegation that the arrest and imprisonment of the plaintiff were procured without reasonable or probable cause is not the statement of a fact, but of a conclusion of law, and is therefore insufficient. The following is from counsel’s printed argument:
“We contend, therefore, that to make a complaint for malicious prosecution good, it must state facts or circumstances which tend to show that the facts and circumstances known to the prosecutor, whether known to him by personal observation or by a statement of a reliable third party, were not such as would lead a person of ordinary caution and prudence to believe that the plaintiff, Eyes, had probably committed the crime with which he was charged.”
We apprehend that a pleader might experience some difficulty in drawing a complaint for malicious prosecution upon counsel’s theory of what it should contain. He must be advised of the “ facts and circumstances known to the prosecutor,” and which influenced him in bringing the prosecution, *192 before he ean meet them by counter facts or circumstances. Those facts and circumstances might be within the exclusive knowledge of the prosecutor, and he might refuse to divulge them, so that for want of the necessary information the injured party would be unable to take the first step towards obtaining redress. The difficulty becomes quite apparent when we consider that the probable cause, sufficient to exonerate the prosecutor from liability, “ does not depend upon the actual state of the case in point of fact, but upon the honest and reasonable belief of the party commencing the prosecution.” Newell on Malicious Prosecution, 252, 267, 268; Glasgow v. Owen, 69 Tex. 167; Cooley on Torts, 181, 182.
The question of probable cause is a mixed question of law and fact. What the facts may be, must be found by the jury ; but the court must say whether they constitute probable cause or not. Probable cause, or the want of it, is a conelu: sion of law; but it is also an ultimate fact. It is ultimate, and not evidential, facts that should be pleaded. The former are conclusions from the latter ; and in many cases, if not to some extent in every case, necessarily involve conclusions of law. It is never proper to plead mere legal conclusions, but a distinction is to be taken between them and issuable facts in which they may be embodied. See Bliss on Code Plead. (3d ed.), sec. 206, et seq.
Some other exceptions are taken to the complaint, which we shall not notice specifically. It -alleges the institution of a criminal prosecution against the plaintiff by the defendant; that it was malicious ; that it was without probable cause ; and that it was finally determined in plaintiff’s favor. No other allegations are necessary, and the complaint is proof against all the objections which the defendant makes. New-ell on Malicious Prosecution, 397; Cooley on Torts, 180,181.
One of the defenses was that in instituting the prosecution the defendant acted upon the advice of the district attorney; and the court instructed the jury that if they should find that the defendant did not furnish to the district attorney a full, fair and honest statement of all the material facts and *193 circumstances bearing on the supposed guilt of the plaintiff, of which the defendant was possessed, then the defendant was not entitled to act upon the district attorney’s advice. The objection taken to this instruction is that it was unwarranted by the evidence, because it appeared without contradiction that the disclosures were full and fair, and embraced all the defendant knew. This statement of what the evidence was is hardly borne out by the record. There was evidence tending to show that material facts within the defendant’s knowledge were not communicated. Before the arrest there was an interview at the store of Williams & Wood between the plaintiff and certain of his creditors. Mr. C. Walker was the cashier of the defendant, and its agent in the prosecution. It was he who in behalf of the defendant consulted the district attorney. Mr. Kyes testified that Walker was present at that interview, and that during the conversation which took place, in which all participated, one of the spokesmen of the creditors said to the plaintiff: “We have been investigating your character, and find it first-class; you cannot afford to have it smirched for $2,000; ” to which plaintiff replied, “No man can smirch it honestly.” The plaintiff testified to other things occurring at that interview which, if true, would have a material bearing on the question of probable cause; but what we have referred to is sufficient for our purpose. Mr. Walker, in his testimony concerning his submission of the facts to the district attorney, 'did not mention that interview, nor anything that occurred there. If the plaintiff’s character was good, and was known to the defendant to be good, the fact should have been communicated to the district attorney. The fact—if it was a fact—of the good character of the plaintiff, coupled with the defendant’s knowledge of the fact, if it had such knowledge, would cut an important figure in the consideration of the question of probable cause; and it should have been communicated to the district attorney together with the other facts to enable him to give intelligent advice. It was the defendant’s duty to make a full and fair .statement of all the material facts known to it, *194 and if it failed in the particular we have noticed, the statement to the attorney was not full. See Newell on Malicious Prosecution, 278, 311; Hirsch v. Feeney, 83 Ill. 548. There was evidence that the plaintiff’s character was good, and that the defendant, upon investigation, found it to be good, and as the jury were the judges of the credit to be given to the testimony, the court properly left to them the question whether the disclosures to the district attorney were full and fair, and the objection to the instruction is not well taken. Walker concluded his testimony as follows: “I had no other facts in my possession, bearing upon the guilt or innocence of Mr. Kyes, which I failed to state to the district attorney.” This implies that he knew facts other than those he enumerated in his testimony, but that he communicated them also. But to obtain the protection which the advice of an attorney affords, it is not enough to prove generally that all the facts were laid before him. The proof must show what facts were communicated, so that it may be seen whether the presentation was full and fair. Brooks v. Bradford, 4 Colo. App. 410.
The question of the consistency of the verdict with the instructions is next to be considered. Counsel contends that the verdict was in disobedience and violation of an instruction given to the following effect: That it was in evidence thg,t a report of the plaintiff’s mercantile responsibility was made to the Dun Mercantile Agency by either the plaintiff or some one assuming to act in his behalf; that it was in evidence that this report was communicated to the defendant by the Mercantile Agency as a basis of credit for the plaintiff; that it was in evidence that the plaintiff obtained credit and obtained merchandise from the defendant on the faith of that report; that there was evidence that the report given -to -the agency stated that the plaintiff owned land near Sterling, Colorado, and that it was assessed at $2,000 ; that there 'was evidence tending to show that both statements were false-; and that there was evidence that the plaintiff sold out Iris store and had the money which he received from it, but declined, on request made, to pay the defendant. *195 The instruction concludes as follows: “You are to determine from the evidence whether the foregoing facts have been satisfactorily proved to have been in existence at the time the defendant is charged with having made the complaint out of which this prosecution arises. If you find from the evidence the foregoing facts satisfactorily proved, the court instructs you that these facts are strong circumstances tending to show that the defendant had probable cause to believe the plaintiff guilty of the crime charged, and in case you so find, your verdict should be for the defendant.”
This instruction did not direct a verdict, and we do not understand how it can be said that the jury disobeyed it. It submitted certain questions to the jury, to be. determined from the evidence. We may say that the instruction is bad in that, without any qualification whatever, it undertakes to hold the plaintiff responsible for a report made by some person assuming to act in his behalf. No person is chargeable with the act of another, unless he in some way either authorizes or ratifies it. The instruction was given at defendant’s instance, and this objectionable feature was probably overlooked by the court. There was evidence tending to show that the report in question was a statement made orally by A. J. Weir to the agent of the Dun Agency Company, who afterwards made a written memorandum of it. Weir was in the employ of the plaintiff. There was also evidence tending to show that the plaintiff had no knowledge of the giving of the statement until about the time of the arrest. The evidence in this particular, and also in some others, gave the jury ample latitude for the investigation of the propositions contained in the instructions; and, saying nothing of the misdirection which the instruction contained, the finding upon it which they must have made in order to reach their verdict is not without support in the evidence, and is therefore final so far as we are concerned. What we have said also disposes of the question of the sufficiency of the evidence to sustain the verdict.
Some other objections are the subject of argument, but *196 they are ail covered, in the preceding discussion, the conclusions reached in which dispose of the whole case. We are unable to find any error which would authorize a reversal of the judgment and it will be affirmed.

Affirmed.