WILLIAM H. MILES ET AL. V. CHARLES WALKER ET AL.

FILED DECEMBER 17, 1902. NO. 12,344.

Commissioner's opinion, Department No. 1.

1. **Attorney: CLIENT: STATEMENT OF FACTS: CRIMINAL PROSECUTION: PROSECUTING WITNESS: JURY.** Where a statement of a party to his attorney before instituting a criminal prosecution included a statement of facts claimed to have been personally known to the prosecuting witness, a jury which decides that such statement of facts was untrue, was justified in holding the attorney's advice given with reference to such statement to be no defense.

2. **Malicious Prosecution: GUILT AS TO SIMILAR OFFENSES.** In an action for malicious prosecution, the fact as to whether or not the accused person was guilty of other offenses similar in character to the one charged in the complaint against him is immaterial.

3. **Instruction: ISSUE: QUESTION OF FACT: REFUSAL.** An instruction which submits to the jury as an issue in the case a question of fact, which is admitted by the pleadings, is properly refused.

4. **——: MALICE: DEFINITION: STARE DECISIS.** An instruction which defines malice substantially in the terms approved in the case of *Tucker v. Cannon*, 32 Nebr., 444, is not erroneous for that reason.

5. **——: PROBABLE CAUSE: DEFINITION.** Telling the jury to constitute probable cause there must be enough facts and circumstances to warrant "a cautious man in believing the accused guilty," is not reversible error, where defendant himself has asked to have the question of the existence of probable cause submitted to the jury.

6. **Want of Probable Cause: DISCHARGE BY MAGISTRATE.** Plaintiff's discharge by an examining magistrate, is admissible in evidence as tending to show want of probable cause for the criminal complaint against him.

7. **Malicious Prosecution.** Malicious prosecution is an attack upon reputation, and plaintiff, in an action for it, if successful, is entitled to recover his damages from that cause.

8. **Evidence: COURT REPORTER'S NOTES: CROSS-EXAMINATION.** A court reporter's evidence, in which he swears from his notes to previous statements of a witness, should not be stricken out merely because the reporter admits on cross-examination that he has no recollection independent of his notes.

ERROR from the district court for Frontier county. Action in the nature of case, for malicious prosecution. Defense, advice of counsel. Tried below before NORRIS, J. Verdict and judgment for $30. *Affirmed.*

*Searle,* for plaintiffs in error.

*Charles H. Tanner* and *White, contra.*

HASTINGS, C.

The errors claimed in this action for malicious prosecution, in which the plaintiff obtained judgment and which defendants bring here, are ten in number: (1) Insufficiency of the evidence; (2) refusal of evidence of other similar acts of plaintiff as a ground for probable cause to believe him guilty as charged by the defendant Miles; (3) refusal of an instruction that plaintiff must prove by a fair preponderance of the evidence that defendants instituted the prosecutions complained of, that they were without probable cause and were malicious, and the giving of one instead that plaintiff was alleging such facts and must prove by a preponderance of the evidence the material allegations of the petition; (4) the giving in instruction 3 of an unfair definition of malice and of undue prominence to certain evidence; (5) defining in the fifth instruction probable cause as "circumstances sufficiently strong to warrant a cautious man in believing the accused person guilty"; (6) error in telling the jury that the discharge of plaintiff was a fact to be considered "as showing that the defendant was innocent of the crime charged"; (7) instructing the jury that they might include 'damages for any injury to plaintiff's reputation'; (8) that the tenth instruction given was unfair and prejudicial and submitted matters as to which there was no testimony; (9) the instructions were contradictory and misleading; and (10) that there was error in admitting as evidence the court reporter's notes taken in another case in which defendant W. H. Miles had testified.

The insufficiency of the evidence is claimed on the ground that the undisputed evidence shows a full disclosure to the county attorney and also to Charles H. Tanner, defendants' counsel, and the institution of the action on the county attorney's advice.

The complaint on which plaintiff was arrested was first filed in county court, and charged that plaintiff, jointly with his father, had wantonly and maliciously thrown down and injured a pasture fence belonging to Nellie Miles. On a hearing before the county judge, plaintiff was discharged. The following day plaintiff was again arrested on the same charge. This time he was brought before a justice of the peace at Curtis, Nebr. He was again discharged and another complaint lodged against him for the same offense before another justice of the same county. This complaint was also dismissed. A fourth one was filed before a third justice of the county. This last one was dismissed four days later by the prosecuting witness. The last two complaints were signed by Charles H. Tanner by procurement, as is claimed, of Miles and his wife. A fifth complaint seems to have been filed by Mr. Tanner before the county judge, but never brought to hearing.

The complaints were all for the same offense, and apparently brought under section 103 of the Criminal Code of this state, which imposes a fine of not more than $100 or imprisonment for not more than thirty days, or both, for wantonly or maliciously throwing down a fence around another's inclosure. There seems to have been a preliminary hearing before the county judge on the first complaint, and it was dismissed. The complaints before Justice Taylor and Justice Sparhawk were dismissed apparently on the ground of the former hearing before the county judge. The defendants Miles and his wife seem to have determined to have another hearing of their complaint on its merits, principally in order to introduce testimony of their daughter of twelve years to an admission of Charlie Walker's that he tore the fence down. The specific

dispute in the case as to the facts seems to have been whether Charles Walker admitted to W. H. Miles that he and his father took down the fence, and whether the fence in question was not wholly upon premises known as the Ballantine ranch, held by the Walkers under lease. This admission was denied by Walker, and the fact of the fence being on the Ballantine premises leased by the Walkers seems to be now admitted. The county attorney says he suggested that this would be a defense, and Charles H. Tanner swears that he advised the defendants that it could not be.

The evidence as to the completeness and good faith of Mr. Miles's statement to the attorneys is so far conflicting that it seems to have included statements of fact which are disputed and of which W. H. Miles claimed to have personal knowledge. If the jury decided that these were false, they would be correct in saying that the advice of attorneys was no protection. We are not able to say, as a matter of legal conclusion, that the jury should have found for defendants because of such advice.

Evidence was tendered that plaintiff had taken down other fences that connected with those on the Ballantine ranch at other times within the preceding two years. In the offer was included the further fact that a statement of this and of its justification by the Walkers on the ground of instructions from Ballantine and also of legal right to take the fence away as being on the Ballantine ranch, had been communicated to W. H. Miles. The latter part of the offer might possibly have been material. If such matters had been told Mr. Miles, and he believed them, it would tend to create a bona-fide belief in his mind that Walker took down the fence as charged in these complaints. But the question asked and ruled out, was simply as to the fact of Walker's removing other fences, which was, of course immaterial. What Miles in good faith supposed, was the only thing in question as to the other fences. There was no error in refusing to permit this question. *Carson v. Edgeworth,* 43 Mich., 241, 5 N. W. Rep., 282; *Bullock v. Lind-*

*say,* 9 Gray [Mass.], 30. Even the rest of the offer was of very doubtful admissibility.

The complaint of error in refusing the first instruction tendered by defendants is not well taken. It sought to tell the jury, in substance, that they should find for defendants unless they found the prosecutions were carried on by defendants, that the latter had no probable cause for believing plaintiff guilty, and that defendants acted upon malice. This instruction was bad because it submitted to the jury an issue as to the carrying on of prosecutions, which is admitted. The trial court in its instruction 1 stated that these things were alleged by plaintiff and plaintiff must prove "the material allegations of the petition." By instruction 3, the jury were told that the material allegations were that the prosecutions were malicious, were terminated, and were without probable cause. This sufficiently showed what was meant by "material allegations" in the former instruction.

The third instruction is complained of as misinforming the jury as to the meaning of malice. There seems no definition of malice in it. In the following instruction, also excepted to by defendants, malice is defined as "any indirect motive of wrong * * *"; and, "in the legal sense, any unlawful act which is done willfully and purposely to the injury of another is, as against that person, malicious; and by malice is meant, not the act but the reasonable motive which prompts the act, it consists of a bad motive or such reckless disregard of the rights of others as to show an evil intent; it is an action based upon an improper motive and does not necessarily presuppose personal hatred, ill will or revenge. The improper motive or want of proper motive inferable from a wrongful act based upon no reasonable ground constitutes of itself all the malice deemed essential in law to the maintenance of the action. The malice necessary to be shown in order to maintain this action is not necessarily revenge or other base and malignant passion; whatever is done willfully and purposely, if it be at the same time wrong and unlawful, and that known

to the party, is in legal contemplation, malice; if, however, the accused is in fact guilty of the offense charged, that would be a complete defense in this action and it would be immaterial whether the proceedings complained of were malicious or not." There seems nothing of which defendants can complain in this instruction. Most of it is to be found approved in *Tucker v. Cannon,* 32 Nebr., 444, 446.

The fifth instruction is complained of especially because it told the jury that to constitute probable cause for a criminal prosecution there must be enough facts and circumstances to warrant "a cautious man in believing the accused guilty." This language also seems to have been approved by this court. *Chicago, B. & Q. R. Co. v. Kriski,* 30 Nebr., 215, 229, and in *Tucker v. Cannon,* 32 Nebr., 444, 446, on a rehearing of the latter case. The instruction as a whole would be subject to the objection that it submits to the jury the question of probable cause. Doubtless this should not be done. An instruction upon hypothetical facts, in accordance with the evidence on each side, should be given, and the jury told that such facts show or do not show probable cause. *Turner v. O'Brien,* 5 Nebr., 542. But the defendants in this case tendered an instruction submitting, under a general definition, this question of probable cause to the jury, and can not be heard to complain that there was error in submitting it.

It is urged that there was error in telling the jury in the seventh instruction that plaintiff's discharge on the complaints was to be considered as tending to show innocence of the charge. No authority is cited for this complaint. In 2 Greenleaf, Evidence, section 455, it is said that a discharge by an examining magistrate is prima-facie evidence of want of probable cause. Some cases are cited in the note to the effect that it does not amount to a prima-facie showing, but none that it is not admissible. It is not thought that there was error in this respect.

It is complained that the court told the jury that plaintiff, if entitled to recover, was entitled to damages for any injury to his reputation growing out of these prosecutions.

This is declared to be no action for libel and slander, and it is urged that there is no pleading of special damages to reputation and no proof of such damages. In *Minneapolis Threshing Machine Co. v. Regier*, 51 Nebr., 402, 403, it is declared that malicious prosecution is an attack upon reputation, and a plaintiff in an action for such injury, if successful, is entitled to damages on account of loss of reputation. It can not be said that there was no evidence tending to show an injury to reputation. It is true that the charge in this case was not an infamous one. It was a misdemeanor. There are some cases holding that for business loss by damage to reputation of a firm there can be no recovery without special allegations, but in this case it would seem that the public hearing would import some injury to reputation, and that the court was authorized in so instructing the jury. The damages found ($30) were certainly not such as to indicate prejudice to defendants by reason of the instruction on the measure of damages.

The complaint as to the ninth instruction is too general to be considered. The objection to it seems to be mainly drawn from the claim that it was not based on the evidence. This in turn comes from counsel's position that the evidence as to advice of attorneys established a complete defense. As that claim is not allowed, neither can this be.

The general complaint of the instructions as a whole it seems unnecessary to consider. This, too, seems based in a great degree upon the proposition that defendants were shielded against this action by their advice from attorneys.

The final error alleged is the admission in evidence of the reporter's notes of testimony given by W. H. Miles in a civil action of Ballantine against Miles. The complaint is that notes were used as documentary evidence. This was not the use made of them. Defendants' objection to so using them was sustained. The reporter was then asked if certain evidence was given, and to state it. He did so. On cross-examination the reporter stated that he did not give this from recollection, but from reading the notes. Such use of the notes was permissible and the cross-examination

in no way tended to impair the witness's previous state-
ment as to what the testimony was.

It is recommended that, the judgment of the district
court be affirmed.

LOBINGIER and KIRKPATRICK, CC., concur.

AFFIRMED.