# Fred Froemke, Appellee, v. Valentine Massman, Appellant.

## Gen. No. 24,615.

1. APPEAL AND ERROR, § 1253*—*when correctness of ruling on evidence not before court on defendant's appeal.* The correctness of the ruling in a malicious prosecution case, permitting the introduction of an indorsement by a municipal judge, on a complaint charging plaintiff with theft, that the judge examined the complaint and the complainant and was satisfied there was probable cause for filing the complaint, was not before the Appellate Court in view of the verdict for plaintiff.

2. MALICIOUS PROSECUTION, § 14*—*when rule as to judicial determination of probable cause not applicable.* The rule that the finding of the court to whom a complaint was presented that there was probable cause is a judicial determination, and a bar to a suit for malicious prosecution, in the absence of evidence that such finding was procured by fraud or upon perjured testimony, had no application where the defendant in the action in question testified without objection that at the time the judge indorsed upon the complaint in question the statement that he had examined the complaint and the complainant and was satisfied that there was probable cause, he simply read the warrant and signed it and that no statement was made to him.

3. MALICIOUS PROSECUTION, § 83*—*when probable cause question for jury.* The question whether the defendant in the malicious prosecution case in question had probable cause under the circumstances disclosed by the evidence to suspect plaintiff of stealing his watch as charged, was for the jury.

4. MALICIOUS PROSECUTION, § 13*—*when advice of counsel no defense.* Reliance on advice of counsel will not bar a recovery for malicious prosecution where the defendant was thoroughly and personally familiar with all of the facts in the case, and the advice was based upon a narration of facts thereafter testified to by defendant, and controverted by plaintiff, and which the jury by their verdict for plaintiff necessarily found to be false.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Affirmed. Opinion filed October 15, 1919.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

RICE, LOWES & O'NEIL, for appellant.

ERNEST C. RENIFF and HUGH A. CAPERTON, for appellee.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

The plaintiff brought this action to recover damages for an alleged malicious prosecution. The jury found the issues for the plaintiff and assessed his damages at $150. By this appeal the defendant seeks to reverse the judgment for that amount.

A certified copy of the original complaint was introduced in evidence, including an indorsement on said complaint signed by Judge Beckwith of the Municipal Court of Chicago, reading as follows: "I have examined the within complaint and the complainant and am satisfied there is probable cause for filing the same. Leave is hereby granted to file it and it is ordered that a warrant issue against the accused." This indorsement was admitted over plaintiff's objection but, in view of the verdict and judgment for the plaintiff, the correctness of the court's ruling on that point is not before us. It is contended by the defendant, however, that the finding of the court to whom the complaint was presented, that there was probable cause, is a judicial determination of that question, and a bar to a suit for malicious prosecution, unless it be shown by the evidence that such finding was procured by fraud or upon perjured testimony, citing *Thomas v. Muehlmann,* 92 Ill. App. 571. We do not consider that case in point. The defendant testified in the case at bar, without objection, that at the time Judge Beckwith signed the indorsement referred to "he simply read the warrant (complaint) as made out, and signed it. There was no statement made to him," by the witness or anybody else. Whatever might be said as to the effect of the order under

other circumstances, it could not have the effect contended for, under the circumstances shown by the evidence referred to.

The question of whether the defendant had probable cause under the circumstances as disclosed by the evidence, to suspect the plaintiff of stealing his watch as charged, was for the jury and they have determined that question against the defendant. We are unable to say that the verdict is not supported by the evidence on that point. There is a direct conflict in the testimony as to what the circumstances were, on which the probable cause, if any, was based. The defendant testified that the plaintiff came into his offices through a large reception room and a small hall adjoining, by means of which he entered the defendant's private office; that he passed through that room into the operating room where his dentist's chair was, and from that room to a doorway leading into a laboratory where the defendant was at work, and as he reached that door the defendant looked up; that a conversation then occurred between them, and the plaintiff left.

The defendant's vest, containing his watch and chain was hanging behind the door in his private office, the room between the hall, adjoining the reception room, and the operating room. The defendant further testified that he had occasion to get his glasses from his vest pocket a few moments before the plaintiff came in and that his watch and chain were then in his vest; that a few moments after the plaintiff went out the defendant again went to his vest and the watch and chain were gone and a small part of the latter was lying on the floor. The plaintiff's testimony was that he did not enter either the defendant's private office or the operating room; that the defendant "came to me from the little office," when he (the witness) was still in the large reception room and that he (the plaintiff) was in the hallway (the witness called it an

alcove) adjoining the reception room, and leading from that room to the defendant's private office, as he talked with the defendant. If the plaintiff's testimony as to these circumstances was true, the plaintiff was not in the room where the defendant says his vest was hanging, at any time, and, if so, the jury's conclusion that in having the plaintiff arrested, charged with stealing his watch and chain, the defendant was without probable cause, was justified.

The defendant contends further that the judgment should be reversed because the evidence shows that he disclosed the circumstances to a lawyer and to an Assistant State's Attorney and acted on their advice. To justify by advice of counsel the defendant must show that he stated to such counsel all the facts bearing upon the guilt or innocence of the accused in good faith. The making of an exaggerated or incorrect statement or the withholding of any material fact is inconsistent with probable cause. It is incumbent upon the defendant to show what information was given to his counsel, so that the jury may determine whether it was a full, truthful and correct statement of all the facts. 26 Cyc. 34. In this case the facts bearing upon the guilt or innocence of the accused were within the personal knowledge of the defendant. The testimony of the defendant as to what these facts were is in direct conflict with that of the plaintiff. On that conflicting testimony the jury have found the issues for the plaintiff, and we cannot say from the record that their action was against the manifest weight of the evidence. In such a situation the defendant cannot be held to have justified his prosecution of the plaintiff by showing that he consulted a lawyer and gave him the facts involved, as recited in his testimony on the witness stand. The verdict of the jury has established the fact that the defendant's statement to his counsel was not a correct and true statement. *Miles v. Walker,* 66 Neb. 728; *Peter-*

*son v. Toner*, 80 Mich. 350. In the latter case the court says: "The defendant was a party to the occurrence (which was the basis of the alleged malicious prosecution). He knew every fact connected with it. There was no chance for him to be mistaken about the facts, nor as to which of them were material. He has told his story in this case, which, we must presume, was the same story told the prosecuting attorney. (In the case at bar the defendant testified that he gave his counsel the same facts which he testified to on the witness stand.) If the plaintiff told the truth about what occurred between these parties, the defendant's story is false, and what he told the prosecuting attorney was false   *   *   *. The jury must have found that the plaintiff's story   *   *   *   was true. If it was true, then there was no probable cause for the prosecution which defendant commenced against the plaintiff, and the story he told the prosecuting attorney was wilfully false, and the advice based upon it was no defense." The comments of the court in the case cited are applicable to the situation presented in the case at bar.

Finding no error in the record, the judgment of the Circuit Court is affirmed.

*Affirmed.*