# David W. Stevick, Appellee, v. Frank B. Vennum, Appellant.

1. EVIDENCE—*admissibility of statements made in open court in absence of party and his counsel.* In an action to recover damages sustained as a result of an involuntary bankruptcy proceeding instituted against plaintiff by defendant at a time when plaintiff was solvent and had not committed any act of bankruptcy, it is not error to permit a witness to testify as to the statements made by the referee in bankruptcy in open court relative to a request for continuance of the bankruptcy proceeding made by one of the attorneys for defendant in that proceeding, even though defendant and his counsel were absent at the time the statements were made, the request for continuance having been made by telephone and also by mail.

2. EVIDENCE—*when hearsay evidence of employment of attorneys admissible.* In a proceeding for damages sustained by plaintiff by reason of the malicious institution of involuntary bankruptcy proceedings against him by defendant at a time when plaintiff was solvent and had committed no act of bankruptcy, it is competent to permit witnesses to testify as to conversation between plaintiff and his attorneys concerning their employment to represent him in the case at bar and concerning the amount of the charge made by them for their services, such evidence constituted merely proof of the creation of a verbal contract of employment.

3. MALICIOUS PROSECUTION—*certified copy of order dismissing proceeding as proof of termination of proceeding.* In an action to recover damages against defendant for the malicious institution of an involuntary bankruptcy proceeding against plaintiff when he was solvent and had committed no act of bankruptcy, it is not error to permit proof of the termination of the proceeding in plaintiff's favor by introducing the original court order signed by the trial judge dismissing the petition, instead of a certified copy of the record of such order, where that question was not contested and there is other proof in the case showing the same fact.

4. TRIAL—*duty of witness under subpœna duces tecum as matter for court.* Where plaintiff, suing for damages for the malicious prosecution of an involuntary bankruptcy proceeding against him, is called by defendant as a witness concerning the serving upon him of a subpœna *duces tecum,* an objection is properly sustained to a demand made upon him to produce a copy of his income tax return, since the matter of his willingness or obligation to produce the paper in question in response to such subpœna is solely for the court to determine and not for the jury.

5. HARMLESS ERROR—*participation in error as cure thereof.* A party who calls and examines witnesses at the trial concerning certain matters introduced in evidence by the opposite party cannot object on appeal that the introduction of such evidence was error, he having participated therein.

6. MALICIOUS PROSECUTION—*probable cause as question of fact.* In an action for damages for the malicious institution of an involuntary bankruptcy proceeding against plaintiff by defendant, an instruction requesting the court to determine whether certain evidence or certain matters, if shown by the evidence, constitutes probable cause, is erroneous.

7. MALICIOUS PROSECUTION—*admissibility of accountant's testimony as to plaintiff's business condition.* In an action for damages for the malicious prosecution of an involuntary bankruptcy proceeding against plaintiff by defendant, it is not error to allow the expert accountants who examined plaintiff's books and assets to testify as to such matters and to introduce in evidence the summaries made by them of plaintiff's business.

Appeal by defendant from the Circuit Court of Champaign county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the April term, 1922. Affirmed. Opinion filed October 25, 1922. Rehearing denied and opinion slightly modified and refiled December 19, 1922. *Certiorari* denied by Supreme Court (making opinion final).

ACTON, ACTON & SNYDER and BONUM LEE KIRK, for appellant.

O. B. DOBBINS and H. I. GREEN, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

This case was brought by appellee, David W. Stevick, in the circuit court of Champaign county against Frank B. Vennum, the appellant, to recover damages alleged to have been sustained by appellee as the result of an involuntary bankruptcy proceeding which the appellant instituted against him. The declaration alleges that the appellee for a period of five years prior to the bankruptcy proceeding had been solvent, and that he was the owner of real and personal property of the value of $200,000 over and above

his incumbrances and debts, and that he had not within the period of four months prior to the date of the filing of the petition of involuntary bankruptcy by the appellant, nor thereafter, committed any act of bankruptcy; that he was engaged in the business of publishing a newspaper known as the Champaign News Gazette of wide circulation; that the value of his newspaper business, including the good will and trade name thereof, was $300,000 upon the market, but that the value depended upon the reputation of the plaintiff for financial integrity and for the prompt payment of bills incurred in the conduct of the business; that the appellant, contriving and intending to maliciously injure the appellee, on May 20, 1921, filed a petition for involuntary bankruptcy against him, in which it was alleged that the appellee was insolvent and had committed an act of bankruptcy in making a payment to a creditor within four months with intent to prefer such creditor over the appellant and other creditors; that in order to induce the court to take jurisdiction of said petition charged that the appellee had less than twelve creditors and that the plaintiff was indebted to the defendant in the sum of $30,000 with interest thereon; that thereafter there was a hearing on the petition and a final order by the court dismissing the petition, and that the appellee had been damaged for expenses in defending the bankruptcy suit in the sum of $7,500 for auditor's services and for attorney's fees in the sum of $5,000, and in the sum of $2,500 for procuring witnesses, the total *ad damnum* being $50,000. A plea of not guilty was filed to the declaration, upon which issue was joined, and the case proceeded to trial, which resulted in a verdict and judgment of $12,000 in favor of the appellee, upon which judgment was rendered. This appeal is prosecuted from the judgment. Various grounds are urged on appeal for reversal of the judgment. It is contended that the court erred in the admission of evidence for the appellee in that the witness, W. G.

Palmer, was permitted to testify to what the court, before whom the bankruptcy proceedings were pending, stated concerning the disposition of a request for a continuance made by one of appellant's lawyers, J. E. Dazey, when the case was called for hearing, and to testify to the statement in court made by C. B. Thomas, referee in bankruptcy, concerning the requested continuance, because the proceedings were had in the absence of the defendant and his counsel. The record discloses that the matters objected to were regular proceedings had in open court when the case was called for trial. The remarks of Mr. Thomas were made at the instance of Attorney Dazey, who, Thomas stated, had talked with him over the telephone that morning and told him he was trying to get in touch with Mr. Cheney, the other attorney for appellant, but that Cheney was out of town and that he could not reach him, and he had decided that he was unable to come to East St. Louis for the hearing, and he desired a continuance of the case. Whereupon the court made the statement, in passing upon the matter, that he also had received or had a special delivery letter from Mr. Dazey, in which Dazey asked that the case be continued. We are of opinion that inasmuch as the statements objected to were made in connection with an effort by one of appellant's attorneys to procure a continuance of the bankruptcy case, they were competent evidence to show that such effort had been made. The appellant was bound by the acts of his attorney and his representative in what took place in court at that time. Complaint is made because the court permitted the witnesses Procise, Stevick, Dobbins and Palmer to testify as to what took place between the appellee and his attorneys concerning their employment as attorneys to represent him in this case and concerning the amount of the charge which would be made by them for their services. It is insisted that because the conversations about this

matter took place in the absence of the appellant, this evidence was incompetent. We are of opinion that the conversations referred to are within the rule announced by the Supreme Court in *Rice & Bullen Malting Co. v. International Bank,* 185 Ill. 427. It was there said: "It is argued * * * that conversations between the plaintiff and Pank, not in the presence of the defendant, or brought to its knowledge, were incompetent. The plaintiff affirmed the relation of principal and agent between it and Pank, and the burden was upon it to make proof of such agency. The agency could be created verbally, as it was in fact created by the agreement between plaintiff and Pank, and there was no error in permitting plaintiff to make the required proof." The same view was taken of this question in *Gipps Brewing Co. v. Wasson,* 193 Ill. App. 164. It is also contended that the court erred in allowing the original court order signed by the trial judge dismissing the petition and terminating the bankruptcy proceeding to be introduced in evidence instead of a certified copy of the record of this order. This objection was purely technical. The proof of the termination of the bankruptcy proceeding against the appellee was a mere formality in this case. It was not a contested matter, and there is other proof in the case showing the same fact. Technical objection under these circumstances is without merit. It is contended that the court excluded the evidence of the appellee's income tax return which he made to the federal government. The record does not show, however, that the court ruled out any evidence. The incident concerning the income tax return as disclosed by the record was as follows: The appellee was called as a witness concerning the service upon him of a subpœna *duces tecum* and was asked this question by counsel for appellant: "Will you please produce your office copy of the income tax return filed by you with the collector's office of the district in which you

live, for the year 1920?'' Counsel of plaintiff objected to the question and the court sustained the objection. The objection was properly sustained, inasmuch as the matter of appellee's willingness or obligation to produce the paper inquired about in response to the subpœna *duces tecum* was solely for the court and not for the jury. Complaint was made because evidence was introduced by the appellee concerning the general reputation of J. E. Dazey as a reliable and competent attorney. It is sufficient to say, concerning this matter, that if the introduction of this evidence was error, the error was participated in by the appellant, inasmuch as he also called and examined witnesses concerning the same matter. The appellant is therefore not in position to raise any question as to the competency of this evidence. Error is assigned on the 5th and 13th instructions given for the appellee. We are of opinion that these instructions stated the law with substantial accuracy and in accordance with the holdings of the Supreme Court in *Chapman v. Cawrey,* 50 Ill. 518; *Roy v. Goings,* 112 Ill. 663; *Norin v. Scheldt Mfg. Co.,* 297 Ill. 525; *Ames v. Snider,* 69 Ill. 379; *Hirsch v. Feeney,* 83 Ill. 548; *Davie v. Wisher,* 72 Ill. 266. See also 19 Amer. & Eng. Encyc. of Law 662.

Instruction No. 4 requested by appellant was properly refused. This instruction contains some matters which were not based on any evidence, and it required the court to determine whether certain evidence or certain matters, if shown by the evidence, constituted probable cause. Whether the matters proven constituted probable cause in this case was a question of fact for the jury. *Hirsch v. Feeney,* 83 Ill. 549; *Davie v. Wisher,* 72 Ill. 264; *Lyons v. Kanter,* 285 Ill. 341; *Froemke v. Massman,* 215 Ill. App. 86; *Luthmers v. Hazel,* 212 Ill. App. 206.

It is also insisted that there was error in allowing the expert accountants who made examinations of the

books and assets, as shown by the books pertaining to the appellee's business, to testify as to these matters and introduce in evidence the summaries made by them. This evidence was not erroneous. It was said in the case of *People v. Hartenbower,* 283 Ill. 591: "Where witnesses are familiar with the books, papers and assets of the estate and are possessed of special knowledge from such examination of the books, papers and assets, they are competent witnesses as to such matters." And to the same effect are *Chicago & W. I. R. Co. v. Heidenreich,* 254 Ill. 231; *People v. Gerold,* 265 Ill. 448; *People v. Munday,* 280 Ill. 32.

We are of opinion that the record does not disclose any reversible error in the admission or rejection of evidence and that the verdict is not against the weight of the evidence, and taking into account the large expenses necessarily incurred by the appellee in defending himself against the bankruptcy proceeding, and the pecuniary loss suffered by him as shown by the evidence, the amount of the damages recovered cannot be regarded as excessive.

For the reasons stated the judgment is affirmed.

*Affirmed.*