**MAYTAG SOUTHWESTERN CO. et al. v. WIGHTMAN.**
No. 9552.

Court of Civil Appeals of Texas. San Antonio.
March 20, 1935.

Rehearing Denied May 17, 1935.

Neary & Rogers, of Dallas, for appellants.

E. P. Lipscomb, of San Antonio, for appellee.

SMITH, Justice.

This is an action for damages for malicious prosecution brought by P. H. Wightman against Maytag Southwestern Company, a corporation. Wightman recovered judgment upon jury findings, and the corporation has appealed.

The essential facts are undisputed. After two years in the service of appellant as a collector, appellee admittedly collected an item of $135 belonging to appellant, and failed to account to the latter therefor. When he made the collection, appellee, voluntarily and without explanation, left the service of appellant and disappeared. Some two months later, appellant discovered the defalcation, but took no steps to locate or pursue

appellee. Shortly thereafter, however, appellee reappeared, and called at appellant's office for an accounting of commissions claimed to be due him, but left without offering any explanation of, or mentioning, the defalcation. Thereupon appellant's then office manager, recently employed, who knew of the defalcation but did not know appellee, went before a proper officer and filed a complaint against appellee, charging him with the offense of embezzlement of over $50. The grand jury, upon investigation, "nobilled" appellee, who brought this action for malicious prosecution. The jury found that the "charge" against appellee was "false," and that it was made without probable cause.

We are of the opinion that both findings were without any support in the evidence. Appellee admitted that he collected $135 belonging to appellant, that he did not tender or pay it over to appellant, but, instead, disappeared without rendering any sort of accounting therefor. It is true that appellee sought to excuse the offense of failure to account for the money collected by him and admittedly belonging to appellant, upon the ground of intoxication, and while the circumstances, as bearing upon intent, might have led a grand jury to ignore the offense, and a petit jury to acquit in a criminal trial therefor, those circumstances were certainly not such as to meet the burden, in a civil action, of showing want of probable cause upon the part of appellant's manager, a stranger to the accused, in instituting the prosecution upon his own motion.

Actions for criminal prosecution are not favored in the law, and recovery in such actions must be supported by more satisfactory evidence than mere conjecture and speculation, such as that resorted to in this case. 18 R. C. L. p. 35, § 20; McManus v. Wallis, 52 Tex. 534; Glasgow v. Owen, 69 Tex. 167, 6 S. W. 527; Equitable, etc., Soc. v. Lester (Tex. Civ. App.) 110 S. W. 499.

The judgment is reversed, and judgment is here rendered that appellee take nothing and pay all costs.

## On Motion for Rehearing.

It was not shown in the original opinion, as it should have been, that appellee recovered joint and several judgment against the Maytag Southwestern Company and its manager, E. J. Meinke, who personally instituted the prosecution against appellee. The original opinion and decision were and are intended to operate upon Meinke and the corporation, alike.

With this explanation, appellee's motion for rehearing is overruled.