## Adam Schlesna, Appellant, v. Tom Gambino, Appellee.

### Gen. No. 46,094.

Opinion filed December 30, 1953. Rehearing denied February 3, 1954. Released for publication February 3, 1954.

COGHLAN & COGHLAN, and AHERN & GILLOGLY, all of Chicago, for appellant; DANIEL C. AHERN, and KEVIN J. GILLOGLY, both of Chicago, of counsel.

POSANSKI, JOHANNSEN, KROHN & JACOBS, of Chicago, for appellee; CHARLES D. SNEWIND, of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action for damages for malicious prosecution. Verdict was for $1,000 in plaintiff's favor. The trial court sustained defendant's motion for judgment notwithstanding the verdict and entered judgment accordingly. Defendant's alternative motion for new trial was denied. Plaintiff appealed from the judgment

and defendant has assigned error upon the denial of the motion for new trial.

Plaintiff contends that the court erred in entering judgment for defendant.

██ In disposing of this contention we apply the familiar rule that we should consider only the evidence and inferences most favorable to plaintiff: In September 1948, Gambino was in the scrap iron business in Burnham, Cook county, Illinois. On September 8th two furnaces and a boiler were stolen from his premises. He reported the theft to the Police Chief of Burnham and the next day located the furnaces and boiler in the yard of the Calumet Iron and Supply Company. They had been delivered there on a flat bottom, yellow or green, old Diamond T truck, with a winch behind the cab and a big red "shoe" on the left-rear tire. The driver was from the vicinity of 88th Street and Houston Avenue, Chicago. Gambino was given the license number of the truck. Subsequently Gambino saw plaintiff's Diamond T truck near 92nd and Commercial Avenue where plaintiff resided. This truck was green, had a winch, but had steel sides four feet high welded to the bottom, and had no tire repaired with a red shoe. Gambino took the license number of plaintiff's truck, and signed a complaint charging plaintiff with larceny. A warrant for plaintiff's arrest was issued, he was taken from his home in the presence of his wife and children at about 4:30 a. m. and was held till a friend furnished bail for him at about 7.00 a. m. Subsequently plaintiff took Gambino to the vicinity of 88th Street and Houston Avenue where the truck as described by the yard foreman of Calumet Iron and Supply Company was found. Gambino admitted he had had the wrong party arrested and the complaint was therefor dismissed.

██ There is testimony, therefor, tending to prove the six elements of a malicious prosecution case. *Shel-*

*ton v. Barry,* 328 Ill. App. 497. There is ample to show that there was no reasonable ground upon which Gambino could form an honest belief or strong ground of suspicion that plaintiff committed the larceny. This was sufficient to make the element of want of probable cause a question for the jury. *Harpham v. Whitney,* 77 Ill. 32.

■ The closest question might be said to be on the element of malice. We refer again to the evidence favorable to plaintiff and draw legal inferences in his favor. Gambino was a competitor of plaintiff. After getting information from the yard foreman, he went to the wrong vicinity, took the wrong license number from the wrong truck and from that license number, without further inquiry, caused plaintiff's arrest and detention. This was done in the light of the knowledge he had of plaintiff's standing as a business man. The result of Gambino's action was loss by plaintiff of business, some to Gambino. This testimony tends to prove Gambino was reckless and malicious. *Hirsch v. Feeney,* 83 Ill. 548. This question was also for the jury.

■■ As to Gambino's contention here, we see no merit in the claim the verdict is against the manifest weight of evidence on the essential elements of institution of the complaint, malice and want of probable cause. Also, no prejudicial error in ruling on evidence appears in the record.

For the reasons given the judgment *non obstante veredicto* is reversed, the order denying motion for new trial affirmed and cause remanded with direction to enter judgment on the verdict for plaintiff.

*Judgment reversed and cause remanded with directions.*

FEINBERG, P. J. and LEWE, J., concur.