No. 2670.

DANIEL DEMPSEY v. THE STATE.

1. MALICIOUS PROSECUTION—INFORMATION.—In a criminal action for malicious prosecution under article 273 of the Penal Code, it is not essential that the information shall allege that the prosecution against the injured party had ended before the information was presented. See the opinion for an information *held* sufficient to charge such a malicious prosecution as constitutes the offense defined in said article 273.

2. SAME.—To authorize a conviction for malicious prosecution, the proof must show that the prosecution alleged to be malicious was actuated by malice.

3. SAME—TERM DEFINED—"LEGAL MALICE."—"Any unlawful act done wilfully and purposely to the injury of another is as against that person malicious; this wrong motive, when it is shown to exist, coupled with a wrongful act, wilfully done to the injury of another, constitutes legal malice."

4. SAME.—Not only must the proof show that the alleged malicious prosecution was actuated by legal malice, but it must show a want of probable cause for instituting the alleged malicious prosecution. By probable cause is meant the existence of such facts and circumstances as would excite belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the offense for which he was prosecuted. Under this rule a prosecution, although instituted with legal malice, would not be a penal offense if probable cause existed to believe the offense charged was committed by the party prosecuted. See the opinion on the question; and note that in this case though legal malice existed, probable cause also existed.

5. SAME—EVIDENCE.—On the trial, the court below permitted the justice of the peace before whom the alleged malicious prosecution was had to testify that he discharged the alleged injured party, because, in his opinion, the evidence did not support the charge brought against him. *Held*, error.

APPEAL from the county court of Jackson. Tried below before the Hon. J. S. McNutt, County Judge.

This conviction was for malicious prosecution, and the penalty assessed against the appellant was a fine of one hundred dollars. The opinion sets out the charging part of the information.

The testimony shows that the prosecuting witness, Tom

Kelley, lived with his father in a house and on land rented from the defendant; that defendant and Tom Kelley mutually disliked each other, and had frequent quarrels about trivial matters; that Tom Kelley's father was prohibited, by written contract, from turning live stock into the pasture of the defendant. One Tatum went home with Tom Kelley one night, and, after removing the saddle from his horse, staked him in defendant's pasture, Tom Kelley going with him when he did so. According to Tom Kelley, Tatum staked his horse in the pasture without the consent or suggestion of him, Tom Kelley, and likewise without any protest from him. For the staking of that horse in the pasture by Tatum, Tom Kelley was prosecuted by defendant. According to Tatum he staked the horse in the pasture after Tom Kelley said something about it being dangerous to stake him outside. On the next morning defendant asked him who staked the horse in the pasture. He replid that he did, against his judgment, and that Tom Kelley had nothing to do with it; that he was alone responsible. Defendant replied that if witness staked the horse in the pasture it was all right, but that if Tom Kelley did, it was not. The justice of the peace testified that defendant prosecuted Tom Kelley before him for staking a horse in his pasture, and that he dismissed the prosecution because the evidence did not support the charge.

*J. D. Owen*, for appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

Willson, Judge. This prosecution is under article 273 of the Penal Code, which reads: "If any person in this State, for the purpose of extorting money from another, or the payment or security of a debt due him by such other person, or with intent to vex, harass or injure such person, shall institute or cause to be instituted any criminal prosecution against such other person, he shall be deemed guilty of malicious prosecution, and, upon conviction, shall be fined not less than one hundred nor more than one thousand dollars, or be imprisoned in the county jail not less than one month nor more than one year." This article of the Penal Code is an addition to the original Code made in revising, and this is the first conviction thereunder which has been before this court.

In the information the charge is alleged as follows: "did then and there unlawfully, for the purpose and with the intent to vex, harass, and injure one Thomas Kelley, wilfully institute and cause to be instituted against the said Thomas Kelley, in justice's court of precinct number one, of Jackson county, Texas. a criminal prosecution as follows, to wit: 'The State of Texas v. Thomas Kelley, number eighty-three,' charging the said Thomas Kelley by complaint made before H. T. Chivers, county attorney of said county, which complaint was filed by William Payson, the justice of the peace in and for said precinct number one, with unlawfully and wilfully tying and staking out, and causing to be tied and staked out, to graze within the enclosed lands of the said Daniel Dempsey a horse."

We are of the opinion that the information is a good one. It follows the words of the statute, and is sufficiently specific. The specific exception made to it, that it does not aver that the prosecution against Kelley had ended before the presentment of the information, is not well taken, as the statute makes no such requirement. In a civil suit for damages for malicious prosecution, it is essential to allege and prove that the alleged malicious prosecution had terminated before the institution of the suit, because in such case it can not be known whether or not there was any injury until there has been an acquittal of the charge, nor what the extent of the injury might be. And a civil suit is not maintainable at all if there has been a conviction upon the criminal charge. (Glasgow v. Owen, 6 S. W. Rep., 527 (Texas); McManus v. Wallis, 52 Texas, 535; Usher v. Skidmore, 28 Texas, 617; 2 Greenl. Ev., sec. 452; Cooley on Torts, sec. 186.) But it does not appear to us that the above stated rule is applicable in the case of a criminal prosecution under article 273 of our Penal Code. In such case, we think it is immaterial whether or not the alleged malicious prosecution had terminated at the time of the filing of the indictment or information. The reason for the rule in a civil suit does not exist in the criminal case, and it does not seem to be contemplated by said article that it shall exist in such case.

There are certain rules, however, governing in a civil suit for malicious prosecution which, in our opinion, obtain in a criminal prosecution such as the one before us. These rules are not expressly declared or required to be observed by article 273, but they are, nevertheless, within the intention of that

article. The first of these rules is that the prosecution alleged to have been malicious must be proved to have been actuated by malice. Legal malice is defined to be "any unlawful act done wilfully and purposely, to the injury of another, is, as against that person, malicious; this wrong motive, when it is shown to exist, coupled with a wrongful act, wilfully done to the injury of another, constitutes legal malice." (Ramsey v. Arrott, 64 Texas, 322; Glasgow v. Owen, 6 S. W. Rep , 527, Texas.)

The second rule is, that there must not only be legal malice actuating the wrong done, but there must be a want of probable cause for instituting or causing to be instituted the alleged malicious prosecution, and the evidence on the trial must show such want of probable cause. "By probable cause is meant the existence of such facts and circumstances as would excite belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the offense for which he was prosecuted." (Ramsey v. Arrott, 64 Texas, 322; Glasgow v. Owen, 6 S. W. Rep., 527 (Texas); Gabel v. Weisensee, 49 Texas, 131.)

In this prosecution, therefore, as we construe the statute creating this offense, it was essential for the State to prove, 1. That the defendant instituted or caused to be instituted against Kelley the prosecution named in the information, being actuated thereto by malice, with the purpose and intent to vex, harass and injure said Kelley. 2. That he instituted or caused to be instituted said prosecution without probable cause, as that term has been above defined.

It is certainly not the meaning and intent of the statute to punish one for prosecuting supposed crime, who does so with probable cause, although he may do so for the purpose of vexing, harassing and injuring the person prosecuted. To otherwise construe the statute would, it seems to us, make it operate against public policy. It would deter citizens from commendable efforts to bring criminals to justice. A man would fear to institute a prosecution, however ᵊmeritorious it might be, knowing that he might himself be prosecuted and punished merely upon proof that he instituted it for the purpose and with the intent to vex, harass and injure the prosecuted party, without regard to the evidence of such party's guilt of the charge.

As we understand the statute, it is intended to punish a person who, without probable cause, actuated by malice, not in

good faith, institutes· a criminal prosecution against another for the purpose and with the intent to vex, harass and injure such other person. It is intended to prevent groundless prosecutions, and not such as there is legal evidence to justify a reasonable belief that the person prosecuted is guilty of the crime charged.

In this case, while the evidence is perhaps sufficient to show that the defendant was actuated by malice—by a purpose and intent to vex, harass and injure Kelley by the criminal prosecution—it further shows that he had probable cause for instituting such prosecution. It shows that Kelley was a principal in the offense of staking out the horse in the defendant's inclosure, and was, in fact, guilty of the charge preferred against him in the alleged malicious prosecution. We are of the opinion, therefore, that this conviction ·is unwarranted by the evidence and the law.

We are further of the opinion that the court erred in permitting the justice of the peace to testify that, in the alleged criminal prosecution against Kelley, he discharged said Kelley because, in his opinion, there was not sufficient evidence to sustain the charge. We think the result of that prosecution was immaterial, and the opinion of the justice of the peace as to the sufficiency of the evidence was clearly incompetent and calculated to injure the defendant.

For the errors mentioned, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered February 27, 1889.