## TEXAS CENT. R. CO. et al. v. SCOTT & ROBERTSON.

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 24, 1908.)

CARRIERS (§ 228*)—CARRIAGE OF LIVE STOCK—ACTION FOR DAMAGES—PRESUMPTION.

The presumption of negligence against the last carrier, who receives live stock in good condition and subsequently delivers it in a damaged condition, cannot arise where there is affirmative proof that the initial carrier was guilty of negligence sufficient to cause the injury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

Appeal from Eastland County Court.

Action by Scott & Robertson against the Texas Central Railroad Company and the Ft. Worth & Rio Grande Railway Company. Judgment for plaintiff, and defendants appeal. Judgment affirmed as to the Texas Central Railroad Company, and reversed and rendered as to the Ft. Worth & Rio Grande Railway Company.

See, also, 127 S. W. 849.

Earl Conner and Scott & Brelsford, all of Eastland, and C. H. Yoakum, of Ft. Worth, for appellants. Ed J. Hamner, of Sweetwater, for appellee.

SPEER, J. The judgment of the county court is affirmed as to the appellant Texas Central Railroad Company, since its principal

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

proposition, to the effect that the evidence fails to show negligence upon its line, is not supported by the record. In truth, the only evidence of negligence contained in the entire record, as we read it, is that of this appellant's delay in transporting the cattle from Hico to Dublin.

As to appellant the Ft. Worth & Rio Grande Railway Company, the judgment is reversed, upon the assignment that the court erred in not giving a summary instruction to the jury to return a verdict in its favor. We have carefully read the entire record, and find no evidence whatever of any negligence on the part of this appellant, and in such a state of case it was entitled to demand, as it did, an instruction in its favor. The principle of law that where goods are received for transportation in good condition, and subsequently delivered in a damaged condition, a presumption of negligence arises as against the last carrier, cannot possibly help appellee's case for two reasons: First, a presumption can only be indulged in the absence of testimony accounting for the injury; and, second, when such presumption is indulged, it is against the last carrier. In this case there is no dearth of testimony accounting for the damage, because the proof shows affirmatively that the initial carrier was guilty of negligence sufficient to cause the injury, and it furthermore shows, what we would otherwise judicially know, that Ft. Worth was the terminus of the shipment so far as this appellant is concerned, and that the cattle were delivered in a damaged condition in East St. Louis, Ill. There being proof, then, as to the damages, there cannot arise a presumption of other negligence growing out of the delivery of the cattle in a damaged condition, or, in other words, at a time too late for the proper market.

Affirmed in part, and reversed and rendered in part.