### SMITH v. PIERSON.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 2, 1912. Rehearing Denied Nov. 30, 1912.)

1. MALICIOUS PROSECUTION (§ 16*)—PROBABLE CAUSE—MALICE.

One having probable cause for instigating a criminal prosecution is not liable for malicious prosecution, though malice actuated him.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 19–22; Dec. Dig. § 16.*]

2. MALICIOUS PROSECUTION (§ 18*)—PROBABLE CAUSE.

Where a constable attempted to execute a warrant after the return day thereof and dismissal of the prosecution, and took accused into custody under the warrant, probable cause existed for the prosecution of the constable for false imprisonment; and one instigating such a prosecution was not liable for malicious prosecution.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 23, 24, 29–38; Dec. Dig. § 18.*]

Appeal from District Court, Johnson County; O. L. Lockett, Judge.

Action by T. E. Smith against Jacob Pierson. From a judgment for defendant, plaintiff appeals. Affirmed.

Phillips & Bledsoe, of Cleburne, for appellant. W. H. Featherstone, of Ft. Worth, and Walker & Baker, of Cleburne, for appellee.

SPEER, J. T. E. Smith instituted this suit against Jacob Pierson to recover damages for malicious prosecution. Upon the trial the court instructed a verdict for the defendant, and the plaintiff has appealed.

[1, 2] The following statement of the facts will be sufficient for the disposition we have made of the case: Appellant was constable of precinct No. 5, Johnson county, and on February 9, 1911, he filed before the justice of the peace of precinct No. 2, in Hill county, a complaint, charging one Irvin Bridges with an offense. The justice of the peace issued a warrant of arrest, directed to the sheriff or any constable of Johnson county, commanding the arrest of Bridges, which warrant was returnable, on its face, to the justice's court on February 17, 1911. The accused appears not to have been arrested prior to the return day of the warrant, and on that day the justice of the peace entered an order dismissing the prosecution. On the 4th day of March thereafter Smith attempted to execute the warrant, and took the accused, Bridges, into custody. Bridges made complaint and caused the arrest of Constable Smith upon the charge of false imprisonment, and this suit was instituted against Pierson upon the allegation that he had maliciously instigated and caused such arrest. The above facts appear to be undisputed, and, in our judgment, are conclusive in favor of the instruction given. It is immaterial whether appellee was responsible for appellant's arrest or not, and, if so responsible, whether or not he was actuated with malice, if he had probable cause for the institution of such prosecution. There can be no doubt in our minds that probable cause did exist, where the arrest was made after the return day of the warrant, and after the cause in which the warrant issued had been regularly dismissed. The instruction to find for the defendant was therefore proper.

The judgment is affirmed.