12926, 12927. DAVIS, agent, v. McMILLIAN; and vice versa.

JENKINS, P. J. 1. The Federal control of railroads, under the acts of Congress and the proclamations and orders of the President of the United States and the Director General of Railroads, "while effecting a consolidation of the physical control of the different transportation systems, did not effect a consolidation of the individual companies, so far as their respective legal rights and liabilities were concerned." Payne v. Monroe, 28 Ga. App. 6 (110 S. E. 34); Davis v. Hawkins, 28 Ga. App. 203 (110 S. E. 500). Section 10 of the act of March 21, 1918 (U. S. Comp. Stat. 1919; § 3115¾ j), provides that "carriers while under Federal control shall be subject to all laws and liabilities as common carriers, whether arising under State or Federal laws or at common law, except in so far as may be inconsistent with the provisions of this act or any other act applicable to such federal control, or with any order of the President," and that "in any action at law . . against the carrier, no defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the Federal Government." General Order No. 50, of October 28, 1918, promulgated by the

44

Director General, authorizing the bringing of actions and suits for injuries "growing out of the possession, use, control, or operation of any railroad or system of transportation by the Director General," expressly excepts "actions, suits, or proceedings for the recovery of fines, penalties, and forfeitures." An action, therefore, for malicious prosecution against the Federal Agent in control of a carrier, for the tortious act of one of the carrier's agents, done within the legitimate scope of its business and as an incident to the operation of its system of transportation, which seeks the recovery only of compensatory damages, is in no wise debarred or prohibited, although the alleged violation of its duty is based upon wilfulness or malice rather than negligence by its agent. Nothing in the provisons of the control acts or in the executive orders contravenes such an action; but it was the manifest purpose of the government to submit itself by such acts "to the various laws, State and Federal, which prescribe how the duty of a common carrier by railroad shall be performed and what should be the remedy for failure to perform," and to all claims and proceedings thereunder whose purpose is compensation rather than punishment. Mo. Pac. R. Co. *v.* Ault, 256 U. S. 554, 563, 564. The judge, therefore, properly overruled the general demurrer to the petition so far as it merely sought compensatory damages; and correctly, as conceded by both parties, sustained the special demurrer to those items which sought to recover exemplary or punitive damages. See also *Hines* v. *Zellner*, 25 *Ga. App.* 272 (2) (103 S. E. 97); *Rose* v. *Hines*, 25 *Ga. App.* 791 (2) (104 S. E. 784); *Hines* v. *Minor*, 26 *Ga. App.* 278 (105 S. E. 851); *Hines* v. *Adams*, 27 *Ga. App.* 155, 157 (107 S. E. 618).

2. The court did not err in sustaining the special demurrer to subsection (b) of paragraph 9 of the petition. While damages for loss of wages on account of inability to obtain employment pending an indictment growing out of a malicious prosecution are not necessarily too remote or speculative to be the basis of a recovery, there were no averments sufficient to show that the damage claimed must have resulted as a natural consequence of the alleged tort, nor were any data set forth or items specified such as could furnish the legitimate basis of such a calculation.

*Judgment affirmed on both bills of exceptions. Stephens and Hill, JJ., concur.*

DECIDED JUNE 14, 1922.

Action for damages; from city court of Atlanta — Judge Reid. August 24, 1921.

Certiorari was granted by the Supreme Court.

*Randolph & Parker,* for Davis, agent.

*Hill & Adams,* contra.