## DAVIS, agent, *v.* McMILLIAN.

The director-general of railroads, as an agency of the United States, is not liable for damage because of a malicious prosecution brought about by an employee of a railroad company under Federal control. Therefore the judgment of the Court of Appeals, affirming the judgment of the trial court in overruling the demurrer to the petition seeking such a recovery, is reversed.

No. 3321. JANUARY 20, 1923.

Certiorari; from Court of Appeals. 28 *Ga. App.* 689.

*Randolph & Parker,* for plaintiff in error.

*Hill & Adams,* contra.

GILBERT, J. The sole question in the case as it comes to this court is whether or not the Court of Appeals erred in holding that a suit for malicious prosecution was maintainable against the director-general of railroads. The suit was filed by an individual against the then director-general of railroads, alleging in substance that an employee of a railroad, at that time under Federal control, had conspired and brought about a malicious prosecution against the petitioner; and that the prosecution had ended favorably to the petitioner. The prayers were for punitive and compensatory damages. The defendant demurred on the ground that the petition set forth no cause of action, because it shows on its face that it is brought against a representative of the United States Government, or the United States Railroad Administration, and is therefore a suit against the United States and of the character not permitted under and by virtue of any law or statute of the United States. There were several grounds of demurrer; but as the case appears in this court, only those are material which raised the issue as to whether damages for a malicious prosecution, though alleged to be "compensatory," are chargeable against the United States or any agent or department thereof. The Court of Appeals held as follows: "An action . . for malicious prosecution against the Federal agent in control of a carrier, for the tortious act of one of the carrier's agents, done within the legitimate scope of its business and as an incident to the operation of its system of transportation, which seeks the recovery only of compensatory damages, is in no wise debarred or prohibited, although the alleged violation of its duty is based upon wilfulness or malice rather than negligence by its agent. Nothing in the provisions of the control acts or in the executive orders contravenes such an action; but it was the manifest purpose of the government to submit itself by such acts 'to the various laws, State and Federal, which prescribe how the duty of a common carrier by railroad shall be performed and what should be the remedy for failure to perform,' and to all claims and proceedings thereunder whose purpose is compensation rather than punishment. Mo. Pac. R. Co. *v.* Ault, 256 U. S. 554, 563, 564 (41 Sup. Ct. 593). The judge, therefore, properly over-

ruled the general demurrer to the petition, so far as it merely sought compensatory damages." We are in accord with what is said on the subject in the opinion of Presiding Judge Jenkins. We only disagree as to the application of those principles. As we construe the petition to which the demurrer was interposed, it is purely a suit which seeks to recover damages for an act based upon malice. Without the element of malice the entire structure of the suit must collapse. All parts of the petition which sought to recover what was in terms called punitive damages were stricken; and although under the ruling of the trial court and the Court of Appeals the recovery was restricted to what was termed "compensatory" damages, we think that the name "compensatory," as applied therein, does not change the basic fact that the recovery is sought for an act which can authorize only punitive damages. Any damages recovered under the petition as it stands would amount to a penalty for a malicious act; and for this neither the United States, nor its agent, the director-general of railroads, can be held liable. In Mo. Pac. R. Co. v. Ault, supra, it was said: "The purpose for which the Government permitted itself to be sued was compensation, not punishment. In issuing General Order No. 50, the Director-General was careful to confine the order to the limits set by the act [section 10 of the Federal-control act], by concluding the first paragraph of the order, ' provided, however, that this order shall not apply to actions, suits, or proceedings for the recovery of fines, penalties, and forfeitures.' Wherever the law permitted compensatory damages, they may be collected against the carrier while under Federal control. Such damages may reasonably include interest and costs. . . But double damages, penalties and forfeitures, which do not merely compensate but punish, are not within the purview of the statute." Speaking of the facts of that case, which had reference to a State statute providing a penalty for non-payment of wages to a discharged employee, the court said: "Whatever name be applied, the element of punishment clearly predominates, and Congress has not given its consent that suits of this character be brought against the United States."

*Judgment reversed. All the Justices concur.*