**DAVIS, Federal Agent, v. TEAGUE.**
**(No. 955.)**

(Court of Civil Appeals of Texas. Beaumont. May 4, 1923. On Rehearing Dec. 12, 1923.)

**1. Master and servant ⬦332(2)—Scope of authority of carrier's agent making assault held for jury.**

In an action for assault by a carrier's agent, where there was evidence sufficient to sustain findings that such agent was acting within the scope of his authority and representing defendant at the time, the court did not err in refusing to direct a verdict for defendant.

**2. Appeal and error ⬦1062(1)—Submission of count for exemplary damages held not reversible error.**

Where plaintiff, in a suit for malicious prosecution, entered a remittitur in the lower court of a sum awarded on a count for exemplary damages, held that, as this was a separate and distinct count submitted on special issues separately from the other counts, no reversible error was committed in submitting it.

**3. Malicious prosecution ⬦3—One giving false evidence held to have caused prosecution.**

One voluntarily, or under the direction of a superior officer, giving to officers of the law false evidence, on which a prosecution for transporting intoxicating liquor was instituted, caused or procured defendant's arrest and indictment on such charge, though he did not prefer it in person.

**4. Malicious prosecution ⬦71(1)—Scope of authority of agent procuring prosecution held for jury.**

Whether one, taking whisky from another as agent for a third party, acted within the scope of his authority in causing the arrest and indictment of the person from whom the whisky was obtained for transporting intoxicating liquor from another state held for the jury.

**5. Malicious prosecution ⬦26—Malice necessary.**

Malice is a necessary element of malicious prosecution.

**6. Malicious prosecution ⬦71(3)—Issue of malice raised by evidence of willfully acting on false testimony.**

Evidence that defendant's agent willfully instituted the prosecution on false testimony held sufficient to raise the issue, and sustain the jury's finding, of malice.

**7. Malicious prosecution ⬦15—Want of probable cause necessary.**

To make a prosecution malicious, there must be want of probable cause.

**8. Malicious prosecution ⬦18(4)—Prosecution held not instituted on probable cause.**

One taking whisky from another's private stock and falsely swearing that he took it from his grip held not to have acted on probable cause in instituting a prosecution for transporting it from another state, even if he had probable cause to believe that defendant had whisky in the grip.

**9. Railroads ⬦5½, New, vol. 6A Key-No. Series—Federal Agent suable for malicious prosecution.**

An action for malicious prosecution, being an action at law, in which purely compensatory damages, as distinct from a penalty or punishment, are recoverable, may be maintained against the federal Agent in charge of the railroads, in view of Federal Control Act, § 10 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 3115¾j), which gives a cause of action against carriers under federal control wherever the law permits compensatory damages.

**10. Malicious prosecution ⬦67—Damages recoverable.**

One maliciously prosecuted is entitled to reasonable compensation for past and future loss of time, injuries to his feelings, name, and reputation, and expenditures in his defense, as the direct result of his arrest and prosecution.

**11. Trial ⬦54(3)—Impeaching evidence cannot be considered in determining other issues.**

Impeaching evidence is not admissible, and cannot be considered, in determining other issues submitted to the jury.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**12. Appeal and error ⬅216(1)—Error in not limiting impeaching evidence not considered in absence of exception or request for special charge.**

Error in a charge not limiting impeaching evidence to the purpose for which offered is not shown, where appellant did not except to the charge on such ground nor request a special charge, thus limiting the evidence.

**13. Appeal and error ⬅974(1)—Special issue held not reviewable as charge on weight of evidence.**

A special issue submitting the question whether an alleged agent was acting for and in behalf of defendant on the occasion of injuries complained of *held* not reviewable as a charge on the weight of the evidence.

**14. Trial ⬅350(3)—Issue held properly refused as embodying only evidentiary facts.**

In an action for malicious prosecution, defendant's requested issue as to whether a representative of the department of justice requested defendant's agents to assist him in apprehending plaintiff, and whether they acted for such purpose only, *held* properly refused as embodying only evidentiary facts.

**15. Evidence ⬅121(14)—Testimony as to assault on plaintiff's wife held admissible.**

In an action for assault by defendant's agent, testimony as to an assault on plaintiff's wife at the same time *held* admissible; both assaults being parts of the same transaction and so intimately connected therewith that a witness could not separate the facts of the two.

**16. Courts ⬅104—Assignments presenting no novel questions need not be discussed.**

Assignments of error presenting no novel questions need not be discussed.

On Rehearing.

**17. Malicious prosecution ⬅56—Plaintiff must show want of probable cause.**

In an action for malicious prosecution, the burden is on plaintiff to show want of probable cause.

**18. Trial ⬅350(3)—Fact issues from which issue of want of probable cause follows should be submitted.**

Though direct submission of the issue of want of probable cause in an action for malicious prosecution would be improper as embodying a legal conclusion, fact issues, from which such issue follows as a matter of law, should be submitted.

**19. Malicious prosecution ⬅18(2)—Want of probable cause held not shown by facts found.**

That plaintiff's wife had whisky in her garage, from which one instigating plaintiff's prosecution for transporting intoxicating liquor procured some, and plaintiff had none of the whisky so procured in his grip as charged, *held* not to establish want of probable cause for the prosecution; the evidence tending to show that there was other liquor in plaintiff's grip and that the instigator of the prosecution knew this.

**20. Appeal and error ⬅1008(1)—Court's conclusion on issue not submitted to jury binding if omission was not called to his attention.**

The court's conclusion on an issue not submitted to the jury is as binding on the parties as the jury's verdict, if supported by competent evidence, and sufficient to sustain his judgment if the omission was not called to his attention or questions embodying it were not requested.

**21. Appeal and error ⬅263(3)—Failure to except to submission of special issues held not injurious to appellant.**

In an action for malicious prosecution based on false evidence that whisky taken from plaintiff's private stock was taken from his grip, defendant's failure to except to submission of special issues as to whether plaintiff's wife had whisky stored in his garage at the time of the taking, whether such whisky was that procured by the taker, and whether plaintiff had any of the whisky so procured in his grip, did not preclude him from setting up on appeal the court's failure to charge on want of probable cause; such questions being evidentiary on collateral issues only.

**22. Malicious prosecution ⬅20—Reasonable belief in guilt of accused defense.**

Facts that would create in the mind of a reasonably prudent man a belief in another's guilt of an offense would constitute a defense against a charge of malicious prosecution.

**23. Appeal and error ⬅263(3)—Appellant held not precluded from raising issue omitted from court's charge by failure to except.**

Defendant, in an action for malicious prosecution based on false evidence that whisky taken from plaintiff's private stock was taken from his grip, *held* not foreclosed from setting up, on appeal, the court's omission to charge on want of probable cause, by failure to except, where he requested submission of the question, clearly raised by undisputed evidence, whether the grip contained any whisky, though such issue did not embody all the essential elements of probable cause.

**24. Trial ⬅350(8)—Undisputed facts need not be made part of issue submitted.**

Undisputed facts need not be made part of an issue submitted to the jury.

**25. Trial ⬅350(3)—Special issue held improperly refused as against objection that it did not embody ultimate issues.**

In an action for malicious prosecution based on false evidence that whisky plaintiff was charged with having transported from another state was taken from his grip, defendant's requested issue as to whether the grip contained whisky when plaintiff placed it in his automobile after taking it from the train *held* improperly refused, as against the objection that it did not embody the ultimate issues as to whether he had, or the party instigating the prosecution believed he had, the whisky transported in his grip, in the absence of any suggestion in the record that he could have procured it in the state or any question made against a reasonable belief that it was transported from another state; the jury's finding that the person insti-

gating the prosecution testified falsely as to where he procured the whisky not meeting the issue.

**26. Trial** ⬤➾**350(3)—Requested special issue held not objectionable as purely evidentiary.**

In an action for malicious prosecution of a charge of transporting liquor from another state, defendant's special issue as to whether plaintiff's grip contained any whisky when he placed it in his automobile after taking it from the train *held* improperly refused, as against the objection that an affirmative answer would not show that defendant's agent, on whose statement that he took whisky from the grip the prosecution was based, knew there was whisky therein, or that plaintiff procured it in another state, so as to show probable cause.

**27. Appeal and error** ⬤➾**742(6)—Failure to submit issue held sufficiently presented by assignment of error and proposition thereunder.**

Error in failing to submit the issue of want of probable cause in an action for malicious prosecution of a charge of transporting whisky, which defendant's agent falsely represented was taken from plaintiff's grip, *held* sufficiently presented by an assignment of error in refusing to submit an issue as to whether the grip contained whisky, and a proposition thereunder, together with argument thereon, that defendant was entitled to submission of all the material issues raised by the evidence.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Action by Henry Teague against James C. Davis, Federal Agent. Judgment for plaintiff, and defendant appeals. Affirmed in part, and reversed and remanded in part.

Baker, Botts, Parker & Garwood and Garrison & Watson, all of Houston, for appellant.

Woods, King & John, of Houston, for appellee.

WALKER, J. This case grew out of the same facts as Payne v. Teague (Tex. Civ. App.) 242 S. W. 290, which was a suit by the wife of this appellee for damages suffered by her because of a wrongful assault committed upon her by one David McReynolds, as agent of the Director General. McReynolds not only assaulted Mrs. Teague, but also her husband, Henry Teague, the appellee herein. Henry Teague based his recovery on three grounds: (1) For personal injuries resulting from an assault made upon him by appellant's special agent, McReynolds; (2) for exemplary damages based upon the contention that the assault was maliciously made and had been ratified by an officer of the Director General authorized so to do; (3) for compensatory damages resulting from a malicious prosecution alleged to have been caused, brought about, and instigated by appellant's agents, acting within the scope of their employment. These different elements of recovery were submitted to the jury on special issues, and on their answers judgment was entered for appellee. It appears that David McReynolds secured information that Henry Teague, an engineer in the service of the Director General, was unlawfully transporting intoxicating liquor from Louisiana to Houston, Tex., and on a certain day would bring into Houston from Louisiana some whisky which he would have with him in a small hand grip. When Teague left his engine, he put the grip into his car, which his wife had driven up to carry him home. McReynolds attempted to get possession of the grip at that time, but not being able to do so, assaulted Mr. and Mrs. Teague, and after riding to their home with them on their car renewed the assault. At the home of appellee, McReynolds got possession of two quarts of whisky, which he contended that he took out of appellee's grip; but the jury found that he took it out of a box in appellee's garage, in which Mrs. Teague had stored some whisky they had owned for some time. McReynolds carried the two quarts of whisky which the jury found he took from the box in appellee's garage to the office occupied by appellant's special agency department, which was immediately adjoining to his superintendent's office. McReynolds, or his superior officer, Johnson, showed this whisky to the superintendent, and explained their version of the circumstances under which it was taken. Johnson then called one McPhail, an agent of the Department of Justice, holding a commission under the Attorney General of the United States, and had him come to appellant's general office where the whisky was. McReynolds then, under the direction of his superior officer, Johnson, and in company with McPhail, personally carried the two bottles of whisky to the office of the United States district attorney, and gave to him his version of how he came into possession of the whisky. Upon the information thus furnished by McReynolds, the district attorney instituted a prosecution for unlawfully transporting intoxicating liquor, against appellee, who was arrested, tried, and acquitted.

[1] We here make reference to the statement made by us in Payne v. Teague, supra, of the facts of the assault and of the agency of McReynolds, and as the facts on this appeal are identical with the facts in that case, without a further discussion of the facts, we sustain the findings of the jury to the effect that McReynolds, as agent of the appellant, was acting within the scope of his authority, and was representing appellant at the time he committed the assault. Then, on the following proposition, advanced by appellant, the court did not err in refusing to instruct a verdict in his favor:

"If McReynolds was acting within the scope of his authority, or representing the Director General at the time the assaults were made, then the Director General would be liable for such assaults."

[2] On motion to enter judgment, on the proposition announced in Missouri Pacific Railway v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087, appellee entered a remittitur of the $125 awarded him by the jury on his count for exemplary damages. As this was a separate and distinct count submitted on special issues separately and distinctly from the other counts, no reversible error was committed by the court in submitting it. It does not appear in what way the submission of this issue could have prejudiced appellant's rights in the consideration by the jury of the other issues.

The issue of malicious prosecution was submitted to the jury by the following questions, answered as indicated:

"Special issue No. 15: Did McReynolds and Johnson, or either of them, cause or bring about, or procure, the arrest and indictment of plaintiff for illegally transporting said intoxicating liquor from the state of Louisiana to the state of Texas? You will answer this issue 'yes' or 'no,' according as you may find the facts to be." (To this question the jury answered: "Yes.")

"Special issue No. 16: Were McReynolds and Johnson, or either of them, in so doing, acting within the scope of his or their authority as agents and employees of such Director General of Railways? You will answer 'yes' or 'no,' according as you may find the facts to be." (To this question the jury answered: "Yes.")

"If you have answered the foregoing issue 'yes,' and in that event only, then you will answer: Special issue No. 17: Were said Johnson and McReynolds, or either of them, in causing, or procuring, or bringing about said arrest and indictment of the plaintiff, actuated by malice, as the term 'malice' has been hereinbefore defined to you? You will answer 'yes' or 'no,' as you may find the facts to be." (To this question the jury answered: "Yes.")

"If you have answered the foregoing special issue 'yes,' and in that event only, then you will answer: Special issue No. 18: What sum of money, if paid now, will reasonably compensate plaintiff for the injuries, if any, he has sustained because of such arrest and prosecution, taking into consideration the following elements and no others:

"(a) The loss of time, if any, he has sustained from the 15th day of May, A. D. 1919, to this date, which you may find has been the direct and proximate result of said arrest and prosecution, and from no other cause.

"(b) Such loss of time, if any, as you may find he will probably and reasonably sustain in the future, if any, as a direct result of said arrest and prosecution.

"(c) Such injuries, if any, to his feeling, name, and reputation that he has sustained, if any, as a direct and proximate result of said arrest and prosecution.

"(d) Such sums of money, if any, as you may find plaintiff has been compelled to expend to defend against said indictment directly resulting from such arrest and prosecution.

"You will answer this issue by stating the amount, if any, you find."

(To this question the jury answered: "$8,075.")

[3] Without a further statement from the evidence, we think it clearly appears that the issues submitted under questions 15, 16, and 17, as above given, were duly raised by the evidence. Issue No. 15 has its support under the facts of this case in appellee's following counter proposition:

"That one may be held liable as the instigator of a prosecution, it is not necessary that one should have preferred the charge in person, but one may be held as the instigator if one exhibited, or caused to be exhibited, to the officer of the law charged with the duty of bringing criminals to justice, evidence which one knows to be manufactured, and as a proximate result of the exhibition of such manufactured evidence the prosecution is started." M., K. & T. v. Groseclose (Tex. Civ. App.) 134 S. W. 740; Railway Co. v. Quigley, 21 How. 202, 16 L. Ed. 76; Penn Co. v. Weddle, 100 Ind. 140.

The rule is thus announced in the note to 26 Am. St. Rep. 132:

"Perhaps a majority of the great transportation companies have special agents or detectives whose duties include the apprehension of all persons who have committed crimes by which the property of the corporation has been embezzled, stolen, or destroyed, or its interests otherwise prejudiced; and while it may be said that the delegation of authority to do these things does not imply that an agent thus constituted shall in any event act maliciously and without probable cause, to this the unanswerable reply has been made by the courts, that one of the consequences liable to attend the delegation of the authority is that of the malicious prosecution of persons who are not offenders, and that when this consequence does result, the corporation must be held answerable. American Exp. Co. v. Patterson, 73 Ind. 430; Evansville, etc., R. R. Co. v. McKee, 99 Ind. 519, 50 Am. Rep. 103; Goff v. Great Northern Railway Company, 3 El. & E. 672, 30 L. J. Q. B. 138; Pennsylvania Co. v. Weddle, 100 Ind. 138."

If McReynolds took the whisky from appellee's possession and fraudulently represented that he took it from appellee's grip, and then either voluntarily or under the direction of his superior officers gave false evidence to the officers charged by the law with the duty of prosecuting criminals, and on this false evidence prosecution was instituted, then issue No. 15 was duly raised. We think the facts sustain the jury's finding.

[4] The jury's answer to issue No. 16 has support in the evidence. In making the assault and in taking possession of the whisky, the jury found, and we have sustained its finding, that McReynolds was acting within the scope of his authority as an

agent of appellant, and was representing him. He then took the whisky to appellant's general office, and made a report to appellant's general agent. Those in authority over him then called into their consultation the agent of the Department of Justice, and acting under orders of his superiors McReynolds went before the federal district attorney and voluntarily gave evidence against appellee which, on the verdict of the jury, was false. We cannot escape the conclusion that the issue was raised that the prosecution against appellee was caused and brought about by appellant's agents on evidence which they knew was manufactured and false.

[5,6] Issue No. 17 submitted the question of malice. Malice is a necessary element of malicious prosecution. 18 R. C. L. p. 28, says:

"The authorities are unanimous in holding that it is essential to a recovery in the action of malicious prosecution that the action or prosecution complained of must have been maliciously instituted"—which is supported by Dempsey v. State, 27 Tex. App. 269, 11 S. W. 372, 11 Am. St. Rep. 193, and Griffin v. Chubb, 7 Tex. 603, 58 Am. Dec. 85.

If appellant's agents willfully instituted the prosecution against appellee on false testimony, then their conduct raised the issue of malice. That issue was raised by the evidence, which is sufficient to sustain the jury's finding.

[7] To make a prosecution malicious, there must also be a want of probable cause. Again quoting R. C. L. vol. 18, p. 33:

"While, as the name implies, malice is the root of the action of malicious prosecution, malice alone, even when extreme, is not enough, but want of probable cause for the institution or original proceedings must also be shown."

See, also, Smith v. Pierson (Tex. Civ. App.) 151 S. W. 1113.

[8] Appellant strenuously insists that the prosecution was instituted on probable cause. If McReynolds took the two quarts of whisky from appellee's private stock and then falsely swore that he took them from the grip which appellee had with him on his engine, he did not act on probable cause in instituting the prosecution. He knew that appellee was not guilty of the charge lodged against him. Though McReynolds may have had probable cause to believe that appellee had whisky in the grip at the time he got off his engine and at the time he put the grip in his car and at the time of the commission of the assault upon appellee and his wife, and though he may have had probable cause to continue in that belief as he rode with appellee and his wife to their home and during a part of the time he was at their home, yet he afterwards acquired information that appellee was not guilty, and with this information fraudulently took from appellee's

256 S.W.—61

possession two quarts of whisky and falsely represented that he took it from appellee's grip. The theory of the case testified to by appellee and believed by the jury excluded altogether the issue of probable cause. As we understand the verdict of the jury and the evidence offered in this case, all the elements of a malicious prosecution have been found in appellee's favor.

[9] This brings us to a consideration of appellant's twentieth proposition, which is as follows:

"This being a suit against the government, and plaintiff's cause of action, if any, having accrued while the railroad company was being operated and controlled by the government, no suit is maintainable against the government for malicious prosecution."

The following propositions determine that question against appellant:

(1) An action for malicious prosecution is an action at law and was recognized as such at common law. Blackstone's Commentaries, Book III, 126; 26 Cyc. 68.

(2) The damages resulting therefrom are purely compensatory and arise and accrue to the injured party because of injury inflicted, as contradistinguished from a penalty or a punishment to be imposed upon the party causing the injury. 26 Cyc. 61. The following section of the Federal Control Act:

"Carriers while under federal control shall be subject to all laws and liabilities as common carriers, whether arising under state or federal laws or at common law, except in so far as may be inconsistent with the provisions of this act or any other act applicable to such federal control or with any order of the President. Actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law; and in any action at law or suit in equity against the carrier, no defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the federal government,"

—which is section 3115¾j, U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, was construed by the Supreme Court of the United States in Railway v. Ault, supra, as giving a cause of action for all compensatory damages. The court said:

"Wherever the law permitted compensatory damages, they may be collected against the carrier while under federal control."

[10] The court did not err in submitting to the jury the different elements of recovery as stated in question 18. This is made clear by 26 Cyc. 61–63:

"The party injured is entitled to adequate compensation covering all the elements of the particular injury. Such elements of damages include loss of time, peril to life and liberty, injury to fame, reputation, character, and health, mental suffering, general impairment of social and mercantile standing, actual loss and

injury to property, interest, and credit; decrease in earning capacity; and all losses sustained in business. Such damages must be the direct, natural, and proximate result of the former suit.

"Expenses incurred or paid about the original proceeding by plaintiff and attorney's fees which have been incurred by him, if reasonable and necessary, so far as they are shown to have been an actual and proximate consequence of the act complained of, are items of damage which may be awarded plaintiff to the extent of their proved value."

[11, 12] Appellant complains that the court did not limit certain impeaching evidence offered by appellee. His proposition is that such evidence is "not admissible and cannot be considered by the jury in determining other issues submitted for their consideration." This is a sound proposition, but no error is shown, because appellant did not except to the charge on the ground, nor did he ask a special charge limiting the evidence to the purposes for which it was offered.

[13] Special issue No. 1 was submitted in the following form:

"Was David McReynolds, on the occasion of the injuries complained of, acting for and on behalf of the Director General of the Texas & New Orleans Railroad Company and the Houston & Texas Central Railroad Company, or either of them?"

Appellant excepted to this issue on the ground "that it was a charge upon the weight of the evidence, and did not submit for the determination of the jury the simple question for their determination as to who McReynolds was acting for." Mr. Justice Neill, in O'Farrell v. O'Farrell, 56 Tex. Civ. App. 51, 119 S. W. 899, overruling a similar proposition, said:

"We know of no principle of law, nor are we cited to any, which applies the rule inhibiting a leading question to a witness to the form of a question submitting a special issue to a jury, nor can we perceive any reason why such form of presenting an issue should be regarded as erroneous. It is for the trial court, after determining what issues of fact should be presented, to determine the form of the question to be used in submitting them to the jury; and, if the form of the question adopted is free from any indication on the part of the court as to how the issue should be determined, the action of the court as to such matter cannot be reviewed on appeal. We therefore overrule the twenty-fourth assignment of error."

[14] We quote as follows from appellant's argument:

"In the recent case of Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, the Supreme Court has held that a defendant is entitled to have all affirmative issues properly submitted.

"Special issues Nos. 1 and 2, as well as special issues Nos. 3, 4, and 5, certainly raise the issue as to whether or not McReynolds, in trying to take possession of the grip was acting in good faith or was actuated by malice. Defendant also asked that the court submit for the determination of the jury the issue of whether or not McPhail, as a representative of the Department of Justice, requested McReynolds or Houghton to assist him in the apprehension of Teague, and the issue of whether McReynolds and Houghton went to the depot at the request of McPhail or with the understanding with McPhail for the purpose of assisting McPhail only. If the jury had made an affirmative answer to these issues, certainly it would have negatived any malice on the part of McReynolds."

The final question on the issue of malicious prosecution was, not whether McReynolds was acting on probable cause when he tried to get possession of appellee's grip, nor whether McPhail requested him and Johnson to assist in apprehending appellee, nor whether they went to the depot for the purpose of assisting McPhail in apprehending appellee, but this issue was determined by all the facts in evidence, and was properly submitted under questions 15, 16, and 17, supra. The requested issues embodied only evidentiary facts, and for that reason were properly refused. For the same reason the trial court refused other special issues requested by appellant, which are made the basis of assignments of error.

[15] The court did not err in permitting the witnesses to testify as to the facts of the assault committed upon Mrs. Teague. The assault upon Mrs. Teague and the assault upon Henry Teague were part of the same transaction and were so intimately connected, the one with the other, that a witness could not separate the facts of the two assaults.

[16] In his motion for new trial, appellant assigned 59 errors. What we have said disposes directly of most of appellant's assignments. The others do not present any novel question, and under the authority of Judge Key's opinion in Railway Co. v. Gooch (Tex. Civ. App.) 247 S. W. 917, we refrain from discussing them.

We believe the judgment of the trial court should be affirmed, and it is accordingly so ordered.

### On Rehearing.

[17-19] As said in our original opinion, appellee rested under the burden of showing a want of probable cause for the institution of the prosecution against him, quoting his brief, "for having transported said intoxicating liquors from the state of Louisiana into the state of Texas." If we correctly construe the Supreme Court's decision in Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, on the question of contributory negligence, we believe the direct submission of the issue of want of probable cause would not have been proper as embodying a legal conclusion, but fact issues should have been sub-

mitted from which that issue followed as a matter of law. The only submission of such facts is embodied in the following questions, answered as indicated:

"Special issue No. 12: Did plaintiff's wife, Elsa Teague, have stored in the garage at plaintiff's home at 2218 Beauchamps street two or more quarts of whisky on the occasion in question?" Answer: "Yes."

"Special issue No. 13: If you have answered the foregoing special issue No. 12, 'Yes,' and in that event only, you will answer: Was the whisky procured by McReynolds a part of the whisky stored in the garage?" Answer: "Yes."

"Special issue No. 14: Did the plaintiff, Henry Teague, have in his grip, at the time of the altercation between him and McReynolds at Houston avenue, the whisky, or any of the whisky, procured by McReynolds?" Answer: "No."

The facts thus found do not establish the want of probable cause. If Mrs. Teague had two or more quarts of whisky in her garage, if McReynolds procured a part of that whisky, and if appellee did not have in his grip, at the time he placed it in his automobile at Houston avenue, any of the whisky which McReynolds procured, yet appellee may have been guilty of the offense with which he was charged, or appellant may have had probable cause for the institution of the prosecution. The jury's answers to questions 12, 13, and 14 establish only the fact that McReynolds testified falsely as to where he secured the whisky which he delivered to appellant's special agent's office. He may have testified falsely on that issue, and yet testified truthfully when he said, again quoting appellee's brief, "that he saw the liquor, incased in cartons, in appellant's grip during the altercation at Houston avenue."

[20-23] From what we have said, it follows that the issue of want of probable cause was not submitted to the jury. The court then was under the duty of determining that issue from the facts in the record, and if supported by competent evidence, his conclusion on that issue became as binding on the parties as the jury's verdict, and would sustain his judgment, provided the omission was not called to the court's attention or questions embodying the issue were not requested. Appellant filed no exception to the court's charge, because of the failure to submit the issue of want of probable cause, nor did he except to the submission of issues 12, 13, and 14. In our judgment, he suffered no injury because of his failure to except to questions 12, 13, and 14, because, as already said, they were evidentiary on collateral issues only. Nor is he foreclosed by the court's conclusion on the ground that he did not except to the omission in the court's charge, because he did request the submission of the following question, which the court refused:

"Did or did not the grip placed in the automobile by Henry Teague contain any whisky?"

It appears from the quotation given by us, supra, from appellee's brief, that appellant's evidence clearly raised the issue that appellee had whisky in his grip at the time he got off the train and placed it in his automobile, and that McReynolds knew this fact. This evidence formed the basis of appellant's defense. Without controversy, it appears that appellant had been advised that appellee would have in his grip whisky brought by him from Louisiana into Texas, and that appellee believed this information to be true at the time of the first altercation. Now, had appellant's requested issue been submitted to the jury, and had they answered it in his favor, we believe it would have followed, as a matter of law, that the prosecution was instituted on probable cause—not that this finding would have established appellee's guilt, but the actual presence of the whisky in the grip on the facts of this record would have been so cogent a fact against him that a reasonably prudent man could have acted on this information and been protected from the consequences of a malicious prosecution. Facts that would create in the mind of a reasonably prudent man a belief in plaintiff's guilt would constitute a defense against the charge of malicious prosecution. So, if appellee is correct in saying that the requested issue did not embody all the essential elements of probable cause, it is our judgment that the undisputed facts supply the missing elements, and a judgment by the court in appellee's favor against an affirmative answer to appellant's question would have been so against the manifest weight of such facts as to be clearly wrong.

[24] In answer to this question, appellee says:

"This issue does not embody the time or the place when and where the grip was placed into the automobile."

There was no issue on these facts. They were undisputed, and it was not necessary to make them a part of the question.

[25] Again, appellee says:

"And does not embody the ultimate issue as to whether appellee had the whisky in his grip, which had been transported by him from the state of Louisiana, or whether McReynolds, at the time he instigated the prosecution, believed that he had the whisky in his grip which he had transported from the state of Louisiana, and, therefore, an answer of the jury to this issue would simply have been a finding upon an evidentiary matter."

If appellee, in fact, had the whisky in his grip, there is no suggestion in the record that he could have procured it in Texas. Appellant had been informed that he had secured it in Louisiana. If, in fact, appel-

lee had the whisky in his grip, no question is made against a reasonable belief on McReynolds' part that the whisky was transported from Louisiana. A finding of the jury that he testified falsely as to where he procured the whisky that he delivered to the federal authorities does not meet the issue.

[26] Again quoting appellee's brief:

"The question of whether the grip Henry Teague placed in the automobile contained any whisky was an evidentiary fact pure and simple, for it would not follow as a matter of law from an affirmative answer thereto that there was probable cause for the prosecution. *It does not necessarily answer in the affirmative that McReynolds knew there was whisky in the grip, or saw any in it, and does not answer in the affirmative that Teague had procured that whisky in Louisiana, and brought it across the state line in violation of the Reed Act.*" (Italics ours.)

If there was whisky in the grip, and if the jury had so found, their answer would have rested upon McReynolds' testimony entirely. Therefore it would follow that "McReynolds knew there was whisky in the grip." As already said, if there was whisky in the grip, there is no suggestion against a reasonable belief that it was procured in Louisiana and transported by appellee into Texas.

[27] Appellee insists that appellant has not presented for our consideration a proposition involving the failure of the court to submit to the jury the issue of probable cause. He says:

"In appellant's brief, he argued that this issue bore on the question of malice; and from caption to signature of his brief never intimated that the issue of probable cause, if one of fact, was erroneously submitted; or that, if the issue were one of fact, any special instruction was requested by him bearing on the said issue of probable cause."

Appellee is correct in saying that appellant took no exception to the questions submitted by the court, but we believe the point was duly saved by an assignment of error and by a proposition. Appellant's seventh assignment of error is:

"The court erred in refusing to submit to the jury special issue No. 3 requested by the court, as follows: Did or did not the grip placed in the automobile by Henry Teague contain any whisky? Answer, 'It did,' or, 'It did not.'"

His sixth proposition is:

"Where a case is submitted upon special issues, the defendant is entitled upon proper request to have the court submit for the determination of the jury all material issues of fact raised by the evidence. * * * (The sixth proposition is under appellant's * * * seventh assignment of error.)"

In his statement of his case, appellant shows that McReynolds testified that he saw the whisky in the grip at Houston avenue. In arguing the sixth proposition, appellant says:

"The issues of malice and malicious prosecution being material issues, the defendant was entitled to have the jury make such affirmative findings of fact deciding these issues when properly raised by the evidence. If not true, and if in fact the plaintiff, Teague, did have whisky in his grip, and that the witness McReynolds believed, or had reasonable grounds to believe, this, it would certainly tend at least to disprove that his acts were actuated with malice."

It seems to us that appellant's position is broad enough to cover the error of the court in refusing to submit the question, in so far as it related to probable cause, and that appellant, by his argument, was presenting that issue directly for our consideration. We were in error in our original opinion in saying that appellant's "requested issue embodied only evidentiary facts."

We have given very careful consideration to appellant's many assignments on this rehearing, but believe that they are without merit, and they are all overruled, except the one just discussed.

Our holding that appellee had a cause of action against appellant on the count of malicious prosecution is supported by the Circuit Court of Appeals for the Fifth District in Dougherty v. Payne, 291 Fed. 61, reversing the same case as reported in (D. C.) 276 Fed. 451. In that opinion, the Circuit Court of Appeals cites with approval Hines v. Gravins (Va.) 112 S. E. 869, and Davis v. McMillian, 28 Ga. App. 689, 112 S. E. 913, though this citation of Davis v. McMillian was made by the Circuit Court of Appeals after the Supreme Court of Georgia had overruled that decision holding in accordance with appellant's proposition. Davis v. McMillian, 154 Ga. 803, 115 S. E. 494.

Because of the court's refusal to submit appellant's requested issue, as above given, the judgment in favor of appellee and against appellant on the issue of malicious prosecution is reversed, and the cause remanded for a new trial on that issue alone. In all other respects the judgment of the trial court is affirmed.

Affirmed in part, and in part reversed and remanded.