Jacobe Lincoln MERCURY, Appellant,

v.

Joseph N. MUSTACHIA, Appellee.

No. 1055.

Court of Civil Appeals of Texas, Corpus Christi.

June 10, 1976.

Rehearing Denied Aug. 30, 1976.

Robert C. Floyd, Butler, Binion, Rice, Cook & Knapp, Houston, for appellant.

Ronald R. Romack, Romack & Bates, Houston, for appellee.

## OPINION

YOUNG, Justice.

This suit for false arrest and malicious prosecution arose from a customer's arrest caused by an automobile dealer-repair agency and which resulted from the customer's removal of his automobile from the agency's premises without satisfying charges for repairs. Based upon a jury verdict, the trial court rendered judgment for the plaintiff customer against the defendant automobile agency for $2,200.00. The defendant appeals.

Joseph N. Mustachia was plaintiff below and is the appellee here. Jacobe Lincoln Mercury, a corporation, was defendant below and is appellant here.

Mustachia left his automobile in the appellant's body shop for repairs. After he was notified that the repairs were complete, Mustachia returned to the shop at about 5:30 p. m. The shop was crowded with customers at this time. He then spoke with Blay Ruffino, a service writer, employed by the appellant. Chris Gary, employed as a porter by the appellant, brought Mustachia's automobile down from the fourth floor and transferred some office machines from Mustachia's rental car to his repaired automobile. Mustachia then persuaded Gary to drive the repaired automobile and follow him to a rental agency so that he might return the rental car. Mustachia then returned Gary to the appellant's shop and told Gary to have them bill him for the repairs. Other than this statement to the porter, Mustachia made no arrangements for credit or payment. He did not have a charge account at the shop; he never received a bill from the appellant; and he has not paid for the repairs.

Subsequently, a third employee, Russell W. Doty, began an investigation of the circumstances under which the repaired automobile was taken from the shop. At the trial, Doty described his employment as a coordinator and leasing manager, a troubleshooter for management, and liaison with the company attorneys. Doty placed several calls to Mustachia's residence and place of employment and was unable to reach

him. He testified that he spoke with all of the employees with the authority to release an automobile and was unable to determine how the automobile left the shop. He contacted authorities in Austin to check on the license number and learned from them that the license plates on the repaired automobile were issued to R. D. Gossett for an automobile which was not the automobile repaired. Doty consulted an attorney for the company and then spoke with officers of the Houston Police Department. He then signed a criminal complaint in the clerk's office of a justice of the peace in Harris County. An arrest warrant was issued by the justice of the peace pursuant to the complaint and the warrant was executed by officers of the Houston Police Department. Mustachia was subsequently no-billed by a Harris County grand jury.

■ The appellant has brought two points of error. He first contends that there was no evidence to support the jury's answer to special issue no. 1. In special issue no. 1 the jury found that Russell Doty did not make a full disclosure of the facts within his knowledge concerning the incident in question to the magistrate or his clerk at the time and on the occasion in question. In considering this no evidence point of error we will view the evidence in a light most favorable in support of the jury finding and consider only the evidence and inferences which support the finding and reject the evidence and inferences contrary to the findings. *Miller v. Riata Cadillac Company*, 517 S.W.2d 773 (Tex.Sup.1975).

■ We pause here to note that this case reaches us in a novel posture. Only one special issue was submitted to and answered by the jury on the liability aspect of this case. The appellee alleged both false imprisonment and malicious prosecution as grounds of recovery. And there was evidence introduced at the trial about both grounds. It is not clear in the judgment on which ground the trial court based recovery for the appellee. But the single answered issue on liability is referable to only the malicious prosecution ground. For the elements of false imprisonment, see *Sparkman*

*v. Peoples National Bank of Tyler*, 501 S.W.2d 739, 744 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.) and *J. C. Penny Company v. Reynolds*, 329 S.W.2d 104, 107 (Tex.Civ. App.—El Paso 1959, writ ref'd n. r. e.). For the elements of malicious prosecution, see 37 Tex.Jur.2d, Malicious Prosecution, § 4, page 521. The appellant has not properly preserved error, if any there was, about the trial court's failure to submit all the elements to the jury of either false imprisonment or malicious prosecution. So we are not here called upon to determine whether the verdict supports the judgment. Even if we were so called upon, we would be required to hold that any omitted issues were deemed found by the trial court in such manner as to support a judgment based upon malicious prosecution. See Rule 279, T.R.C.P.

■ All of which brings us back to a consideration of appellant's first point. As a general rule the jury may not make an opposite finding solely from the uncontradicted testimony of an interested witness. *Texas & N. O. R. Co. v. Grace*, 144 Tax. 71, 188 S.W.2d 378 (1945). The testimony of Russell Doty, however, supplies its own contradiction. Doty's testimony was to the effect that at the time he signed the complaint he did not know that Chris Gary had turned over the automobile to Mustachia and that he did not know how Mustachia had obtained possession. The jury could infer from this testimony that the representation of the facts by Doty to the magistrate was that the automobile was missing, that he did not know how it had been removed from the premises, and that he believed it to be in the possession of Mustachia. The crucial element of the disclosure is, of course, how the automobile was removed from the shop.

■ Doty also testified that before he signed the complaint he conducted an investigation within the shop and questioned the employees to determine if anyone with the authority had released the repaired automobile. The jury could thus infer that Doty knew that Gary had released the automobile to Mustachia before he signed the com-

plaint. We conclude, therefore, that there is evidence to support the jury's answer. The appellant's first point of error is overruled.

Appellant next argues, in its second point, that attorney's fees are not a proper element of damages in an action for false imprisonment. This argument is based upon the jury's response to special issue no. 2 which was as follows:

"SPECIAL ISSUE NO. 2

What amount of money, if paid now in cash, do you feel from a preponderance of the evidence would reasonably and fully compensate Joe Mustachia for the damages, if any, he has incurred by reason of the arrest?

Answer in dollars and cents, if any.

ANSWER: $2,200.00 for attorney fees"

As we have previously indicated, the trial court's judgment can be properly based upon the ground of malicious prosecution. We also note that special issue no. 2 does not require the jury to respond in terms of attorney's fees. The judgment of the trial court set out the issues and answers and eliminated the jury's reference to attorney's fees. Even so, attorney's fees which are incurred by the plaintiff as a consequence of the wrongful act are recoverable in an action for malicious prosecution. *Davis v. Teague*, 256 S.W. 957 (Tex. Civ.App.—Beaumont 1923, writ dism'd).

Mustachia's attorney, Ronald R. Romack, testified as to his efforts in representing Mustachia to secure his release from jail, in representing him at the examining hearing, in briefing and in making personal appearances before the Texas Real Estate Board to obtain Mustachia's broker's license. Romack testified that for this work his reasonable and necessary charges were $2,200.00. The appellant's point of error does not bring into question the amount awarded or the evidence upon which the award was based, and we do not express an opinion thereon. The point of error is confined to a complaint that attorney's fees are not a proper element of damages in an action for false imprisonment. But it can be a proper element of damages in an action for malicious prosecution. And it is our duty to affirm if there is any ground on which the judgment can properly rest. 4 Tex.Jur.2d, Part 2, Appeal and Error—Civil Cases § 755 (1974). The appellant's second point of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.