### DOUGHERTY et al. v. PAYNE, Director General of Railroads.

(Circuit Court of Appeals, Fifth Circuit. March 23, 1923.)

No. 4036.

Abatement and revival ⬅️47—Action against Director General of Railroads may be revived against Federal Agent.

Under Act March 3, 1923, amending section 206 of Transportation Act of 1920, plaintiff in an action against the Director General of Railroads, which would otherwise stand abated, may revive it against the agent appointed under the act by proper motion within one year from the date of the amending act.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

See, also, 291 Fed. 61.

John E. Hartridge, of Jacksonville, Fla., for the motion.
F. W. Butler, of Jacksonville, Fla., opposed.

Before WALKER, BRYAN, and KING, Circuit Judges.

PER CURIAM. April 6, 1920, plaintiffs in error brought suit for malicious prosecution against Walker B. Hines, as Director General of Railroads. Hines having resigned as Director General, his successor, John Barton Payne, was substituted as defendant. A demurrer to the declaration having been sustained, on May 18, 1922, a judgment final thereon was entered.

March 26, 1921, James C. Davis succeeded Payne as Director General of Railroads and as Agent, by virtue of the President's proclama-

tion, as authorized by section 206 (a) of the Transportation Act of 1920 (41 Stat. 456). But no motion has been made by the plaintiffs in error to substitute Davis, in his capacity of Director General of Railroads, as defendant, and no such substitution has been made. Upon that ground, and in reliance upon the Act of Congress of February 8, 1899, 30 Stat. 822 (Comp. St. § 1594) on February 23, 1923, the defendant in error filed a motion to dismiss the writ of error herein.

The Act of March 3, 1923, entitled "An act to amend Section 206 of the Transportation Act, 1920," provides, among other things, that suits such as this is shall not abate by reason of the resignation of the Director General of Railroads, but may be prosecuted to final judgment by substituting the agent then in office under designation by the President, and that, upon proper motion within one year from the date of the act, suits which have been abated or dismissed in pursuance of the act of 1899 shall be reinstated.

The motion to dismiss the writ of error is therefore denied.