**DOUGHERTY et al. v. PAYNE, Director General of Railroads.**

(Circuit Court of Appeals, Fifth Circuit. May 29, 1923.)

No. 4036.

1. **Limitation of actions** ⬦125—Statute authorizing revival not inapplicable because new action would be barred by limitation.

   Where an action was brought against the Director General of Railroads within the time prescribed by the state statute of limitations, Act March 3, 1923, amending section 206 of Transportation Act 1920 by permitting substitution as defendant of the Federal Agent appointed under the act within one year after date of the amendment is not inapplicable nor ineffective because a new action would then be barred by the state statute.

2. **Railroads** ⬦5½, New, vol. 6A Key-No. Series—Director General held subject to action for malicious prosecution.

   Where a carrier, if in control of its business, would have been liable for malicious prosecution for causing the false arrest and prosecution of plaintiff, through an employee acting within the scope of his employment, an action may be maintained against the Director General of Railroads, where the arrest was made under the same circumstances during federal control.

In error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Action at law by Pearl Dougherty and her husband, Sam W. Dougherty, against John Barton Payne, Director General of Railroads, as Agent of the United States. Judgment for defendant, and plaintiffs bring error. Reversed.

See, also, 276 Fed. 451.

F. W. Butler, of Jacksonville, Fla. (Butler & Boyer, of Jacksonville, Fla., on the brief), for plaintiffs in error.

John E. Hartridge, of Jacksonville, Fla. (John E. & Julian Hartridge, of Jacksonville, Fla., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BRYAN, Circuit Judge. A statement of the nature and result of this suit has heretofore been made in ruling upon a motion to dismiss the writ of error. See opinion filed March 23, 1923 (C. C. A.) 291 Fed. 60.

The declaration alleges that on May 1, 1919, one J. H. Redding, special agent of the Pullman Company, which was then under federal control, acting within the scope of his employment, falsely and maliciously procured the arrest and imprisonment of the plaintiff Pearl Dougherty upon the charge of having received certain described stolen property of the Pullman Company, with knowledge that it had been stolen; that said Redding, still acting within the scope of his employment, caused the said plaintiff to be prosecuted; that she was acquitted and finally discharged, and that she had suffered damages to her good name and reputation, and had been obliged to lay out and expend $150 in defending herself against said prosecution.

The District Judge sustained a demurrer to the declaration upon the ground that a suit for malicious prosecution would not lie against the Agent or Director General of Railroads, and entered final judgment for the defendant.

[1] It is now urged that the Act of March 3, 1923, amending section 206a of the Transportation Act of 1920, is inapplicable to this case, because suits for malicious prosecution are barred by the Florida statute of limitations within two years. The suit when brought was not barred, and it was filed after the passage of the Transportation Act, section 206a of which provides:

"Actions at law, suits in equity and proceedings in admiralty, based on causes of action arising out of the possession, use, or operation by the President of the railroad or system of transportation of any carrier (under the provisions of the Federal Control Act, or of the Act of August 29, 1916) of such character as prior to federal control could have been brought against such carrier, may, after the termination of federal control, be brought against an agent designated by the President for such purpose," etc.

Moreover, this suit was properly brought against the Director General then in office, and by amendment his successor was substituted. No substitution of the present Agent was made, but the suit was still pending when the Act of March 3, 1923, amending section 206a, was passed. No new cause of action resulted by the mere substitution of one individual for another in the office of Agent or Director General. We are therefore of opinion that the amendment of 1923 did not violate the state statute of limitations.

[2] The Pullman Company would have been liable under the allegation contained in the declaration that the special agent was acting within the scope of his employment in prosecuting the plaintiff, if it had remained in control of its business, instead of being subjected to federal control. 18 R. C. L. 811.

The alleged malicious prosecution occurred during the period of federal control, and there is presented the question of liability under section 10 of the Federal Control Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115¾j). The duty of the special agent, who caused plaintiff's arrest and prosecution, to protect the Pullman Company's property, did not change when that property passed under fed-

eral control, but remained the same. The prosecution complained of was resorted to as one of the methods of protecting such property, and clearly related to the operation of the Pullman Company's business as a carrier, as distinguished from a corporate act wholly foreign to such operation. In construing that section, in Missouri Railway Co. v. Ault, 256 U. S. 554, 559, 41 Sup. Ct. 593, 595 (65 L. Ed. 1087), it is said:

"The plain purpose of the above provision was to preserve to the general public the rights and remedies against common carriers which it enjoyed at the time the railroads were taken over by the President, except in so far as such rights or remedies might interfere with the needs of federal operation. The provision applies equally to cases where suits against the carrier companies were pending in the courts on December 28, 1917, to cases where the cause of action arose before that date and the suit against the company was filed after it, and to cases where both cause of action and suit had arisen or might arise during federal operation. The government was to operate the carriers, but the usual immunity of the sovereign from legal liability was not to prevent the enforcement of liabilities ordinarily incident to the operation of carriers. The situation was analogous to that which would exist if there were a general receivership of each transportation system. Operation was to be continued as theretofore with the old personnel, subject to change by executive order. The courts were to go on entertaining suits and entering judgments under existing law, but the property in the hands of the President for war purposes was not to be disturbed. With that exception the substantial legal rights of persons having dealings with the carriers were not to be affected by the change of control."

It is elsewhere pointed out in the opinion that compensatory damages only are recoverable. Upon the authority of the foregoing case, we are of opinion that the District Court erred in sustaining the demurrer to the declaration, and in entering final judgment thereon in favor of the defendant. See, also, Hines v. Gravins (Va.) 112 S. E. 869; Davis v. McMillian, 28 Ga. App. 689, 112 S. E. 913.

The judgment is reversed, and the cause remanded, with directions for further proceedings not inconsistent with this opinion.