MOORE *v.* HINES, DIRECTOR GENERAL.*

(Division A.    June 9, 1924.

[100 So. 392.   No. 24198.]

ABATEMENT AND REVIVAL. *Actions against former director general held not to abate, because not revived.*

Actions against the director general of railroads, pending March 3, 1923, when the amendment to the Transportation Act went into effect (42 Stat. 1443, chapter 233), which actions had been brought against a former director general, and not revived against his successor, under said amendment authorizing such revivor at any time before satisfaction of final judgment, did not abate.

*Headnote 1.   Abatement and Revival, 1 C. J., sections 230.

APPEAL from circuit court of Lafayette county.
HON. THOS. E. PEGRAM, Judge.

Action by J. R. Moore against Walker D. Hines, Director General. From a judgment dismissing the cause, plaintiff appeals. Reversed and remanded.

*Harry M. Bryan* and *Wells, Stevens & Jones,* for appellant.

The sole question before the court is whether the circuit judge erred in dismissing the suit because of the fail-

ure of the plaintiff to substitute the proper federal agent or agents as parties defendant. The judgment of the court was in effect a forcible nonsuit from which plaintiff had no recourse but by appeal, any right he might have wished to have availed himself of, having become merged in the judgment.

At the time the court dismissed this suit, March 15, 1923, this cause of action was a pending one within the terms of subdivision (h) of the Act of Congress of March 3, 1923, 42 Statutes at Large, 233, which was an amendment to the Act of February 28, 1920, known as the Transportation Act. By the express terms of subdivision (h) no pending suit need be revived against any director general or agent before trial or judgment, but only before the final satisfaction of the judgment. This is not a case which had already been abated or dismissed prior to the Act of March 3, 1923, and subdivision (h) of the Act of March 3, 1923, absolutely controls this case, and the lower court should have followed it on the day and date its judgment dismissing this cause was entered. *Dougherty et al.* v. *Payne, Director General,* 291 Fed. 60; *Hill* v. *Davis, Agent,* 257 S. W. 340.

We feel that it is unnecessary to call the court's attention to the fact that as a legal proposition this cause is a pending cause, and not one which has been dismissed or abated, for it is our construction of the law that these terms can only be used in the sense of finality. Since appellant's appeal is seasonable his rights were merged in the final judgment of the lower court, and whatever rights he had then he has now until the determination of the specific question herein raised.

We are content to rely upon the rights afforded appellant by the Act of Congress of March 3, 1923. We respectfully submit the cause should be reversed and remanded.

NOTE: No brief filed for appellee.

Argued orally by *Harry M. Bryan,* for appellant.

Anderson, J., delivered the opinion of the court.

On motion of Hines, appellee, formerly Director General of Railroads, appellant's cause was dismissed, because it had not been revived; either in the name of John Barton Payne or Jas. C. Davis, successors in office to appellee. From that judgment appellant prosecutes this appeal.

The cause was dismissed on March 15, 1923. At that time the amendment to the Transportation Act of 1920, which became effective March 3, 1923 (42 Statutes at Large 1443, chapter 233) was in force. That amendment provides, among other things, the following:

"(h)  *Death, Expiration of Term of Office, Retirement, Resignation, or Removal from Office of Director General of Railroads, or of Public Officer Bringing Suit Arising out of Federal Control, Not to Abate Actions, etc.*—Actions, suits, proceedings, and reparation claims, of the character described in subdivision (a) (c), or (d), properly commenced within the period of limitation prescribed, and pending at the time this subdivision takes effect, shall not abate by reason of the death, expiration of term of office, retirement, resignation, or removal from office of the Director General of Railroads or the Agent designated under subdivision (a), but may (despite the provisions of the act entitled 'An act to prevent the abatement of certain actions,' approved February 8, 1899), be prosecuted to final judgment, decree, or award, substituting at any time before satisfaction of such final judgment, decree, or award the agent designated by the President then in office. Nor shall any action, suit, or other proceeding heretofore or hereafter brought by any public officer or official, in his official capacity, to enforce or compel the performance of any obligation due or accruing to the United States arising out of federal control, abate by reason of the death, resignation, retire-

ment, or removal from office of such officer or official, but such action, suit, or other proceeding may (despite the provisions of such Act of February 8, 1899), be prosecuted to final judgment, decree, or award, substituting at any time before satisfaction of any such final judgment, decree, or award the successor in office."

Under this amendment to the Transportation Act, causes circumstanced as this one was, do not abate, but substitution of the Director General in office may be made "at any time before satisfaction of such final judgment, decree, or award." *Dougherty* v. *Payne, Director General* (C. C. A.), 291 Fed. 60.

*Reversed and remanded.*